### BLACKWELL v. McGREW.

(Court of Civil Appeals of Texas. June 21, 1911. Rehearing Denied Oct. 25, 1911.)

HIGHWAYS (§ 181*)—COLLISION WITH AUTOMOBILE—CONTRIBUTORY NEGLIGENCE—PROXIMATE CAUSE.

Where a horse became unruly and ran in front of an approaching automobile, it was the duty of the driver of the machine, upon discovering the possibility of an accident, to use all means, consistent with the safety of himself and others, to avoid injuring the driver of the horse, and, where he failed to do so, plaintiff's possible negligence in going on the highway, where automobiles were likely to be met, with an unruly horse, became the condition and not

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes.

the proximate cause of the injury, and would not bar a recovery therefor.

[Ed. Note.—For other cases, see Highways, Dec. Dig. § 181.*]

Appeal from District Court, Hill County; W. C. Wear, Judge.

Action by John W. Blackwell against W. T. McGrew. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Collins & Cummings, for appellant. W. E. Spell and Luther Nickels, for appellee.

JENKINS, J. Appellant brought this suit to recover damages on account of injuries received by his wife in being run over by an automobile which was being operated by appellee. Appellant's wife was traveling on a public road in a buggy drawn by a horse which was being driven by her brother. The horse became frightened at appellee's automobile and wheeled in front of same, and appellant's wife was thrown from the buggy, and said automobile ran upon her and injured her. The evidence was sufficient to raise the issue of contributory negligence. The appellant pleaded discovered peril on the part of appellee, and the evidence raised that issue.

The court limited appellant's right to recover to the fact of discovered peril. That is, the jury were authorized to find for appellant, under the charge given, only in the event that they should find that "defendant, W. T. McGrew, while operating his automobile along the public highway, and while approaching the buggy in which plaintiff's wife and companions were riding, saw that the horse attached to said buggy was frightened at the approach of said automobile, and failed to stop said automobile," etc.

The court charged the jury on contributory negligence as follows: "Even though you believe that the defendant was negligent in the operation of his automobile, and in failing to stop the same, and that as a result of said negligence, if any, plaintiff's wife was injured as alleged, still, if you believe from the evidence that, on account of the nature, character, and disposition of the horse attached to said buggy, the plaintiff's wife was guilty of negligence in undertaking to ride in said buggy and pass said automobile, * * * and such negligence, if any, directly and proximately contributed to the injury of plaintiff's wife, if she was injured, you will return a verdict in favor of defendant." Under this charge, if the jury believed that appellant's wife, by reason of the disposition of her horse, was negligent in going upon a public highway where automobiles were liable to be met, no recovery could be had, even though appellee may have continued to advance upon the buggy after the horse had rushed in front of the automobile, and had clearly got-

ten beyond the control of the driver, or after appellant's wife had been thrown upon the ground. We do not mean to intimate what the jury should have found in this regard upon the whole testimony.

If the appellee discovered the peril of appellant's wife in time to have avoided injuring her ·by the use of every means in his power, consistent with the safety of himself and others, the previous negligence of appellant's wife in going upon the highway in a buggy drawn by an unruly horse, if such was the fact, would not bar a recovery in this case, and the charge of the court to this effect was error. Railway Co. v. Wallace, 21 Tex. Civ. App. 394, 53 S. W. 77. The negligence of the injured party in such case becomes the condition and not the proximate cause of the injury. McDonald v. Railway Co., 86 Tex. 13, 22 S. W. 939, 40 Am. St. Rep. 803; Railway Co. v. Gay, 86 Tex. 607, 26 S. W. 599, 25 L. R. A. 52.

On account of the error in the charge of the court as above indicated, we reverse and remand this case.

Reversed and remanded.