## DUNCAN COFFEE CO. v. HADDOCK.

### No. 9755.

Court of Civil Appeals of Texas. Galveston.

May 26, 1932.

Abe Levy, of Houston, for appellant.

King, Wood & Morrow, of Houston, for appellee.

GRAVES, J.

"This suit was filed by L. L. Haddock, of Harris County, on the 10th day of March, 1931, seeking to recover damages in the sum of $225.05, alleged to have resulted from a collision with Duncan Coffee Company's truck, which occurred on the 24th day of February, 1931.

"The defendant below, appellant here, answered by general demurrer, general denial, plea of contributory negligence, and cross-action for the sum of $123.71; setting up negligence of the plaintiff and violation by the plaintiff of the city ordinances of the City of Houston in driving in excess of 20 miles an hour, and in failing to exercise ordinary care to operate and guide his automobile as an ordinarily prudent person would have done under the same or similar circumstances.

"The jury returned a verdict, in response to special issues submitted, upon which the Court entered judgment in favor of the plaintiff for $181.50, with interest from July 1, 1931, and for court costs."

The appeal of the Coffee Company comes regularly here, where the main contention revolves around the jury's answer of "Yes" to the inquiry, "Did or did not plaintiff see the truck belonging to the defendant in time to prevent a collision?" appellant's able counsel arguing that this finding convicted the appellee of having on his part been guilty of such contributory negligence as barred any recovery by him, wherefore judgment should have been entered accordingly.

The record reflects matter that refutes this presentment upon two distinct grounds:

In the first place, such a bare finding falls far short of amounting to contributory negligence as a matter of law, it not being followed by findings either that the failure to avoid the collision after having so seen the truck was negligence, or that it was a proximate cause thereof, or, indeed, that the appellee had been guilty of any negligence at all. In this connection it may be added that no issues seeking to elicit whether or not the failure of the appellee to stop was negligence, or whether such negligence, if any, was a proximate cause of the collision, were either submitted or requested, wherefore they were waived. Texas & New Orleans Ry. Co.

v. Houston Undertaking Co. (Tex. Civ. App.) 218 S. W. 84; Sustaita v. Valle (Tex. Civ. App.) 38 S.W.(2d) 638; Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084.

In the second place, any question of whether or not appellee had been guilty of contributory negligence became immaterial, because, upon amply sufficient evidence, the jury further found that the appellant's driver discovered the appellee's perilous position in time, in the exercise of ordinary care by using the means at his command, to have either stopped or so slackened the speed of appellant's truck as to have prevented the collision, but negligently failed to do so; this finding of discovered peril, at all events, called for the judgment rendered. 5 Texas Jurisprudence, p. 678; Blackwell v. McGrew (Tex. Civ. App.) 141 S. W. 1058; Uvalde Co. v. O'Brien (Tex. Civ. App.) 265 S. W. 1083.

Such other matters as are urged are merely incidental to those discussed, hence need not be further commented upon.

These conclusions require an affirmance of the judgment of the trial court, and it has accordingly been so ordered.

Affirmed.