**DASHIEL v. LOTT et al.**    (No. 349–3718.)

(Commission of Appeals of Texas, Section A. Oct. 11, 1922.)

1. **Pleading** ⬤⟳339—**Defendants' admission of plaintiff's cause of action operated as abandonment of defensive pleading.**

In an action to foreclose vendor's lien notes, defendants' admission in open court of plaintiff's cause of action was as an abandonment of defensive pleading and admitted every fact necessary for plaintiff to establish to recover.

2. **Judgment** ⬤⟳248—**Where proper admission made, plaintiff recovers to extent of claim made by pleading.**

When a proper admission is made, if neither party introduces any evidence, plaintiff must recover to the extent of the claim made by his pleadings.

3. **Judgment** ⬤⟳251(3)—**Defendant admitting plaintiff's cause of action and failing to prove matter in avoidance cannot complain of judgment against him.**

In an action to foreclose vendor's lien notes, where defendant admitted plaintiff's cause of action, but set up in avoidance an outstanding title in another alleged to be superior to plaintiff's title, defendant, having failed to sustain such claim, could not complain of judgment against him.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Suit by James Polk against D. D. Harrigan and J. N. Lott, in which Mrs. C. L. Dashiel was substituted as plaintiff, and in which Sabino Sandaval and others intervened. From judgment of the Court of Civil Appeals (233 S. W. 1103), affirming in part and reversing and remanding in part judgment for plaintiff, plaintiff brings error. Judgment of Court of Civil Appeals, in so far as it reversed judgment for plaintiff, reversed, and judgment of the trial court affirmed.

T. F. Mangum and W. C. Douglas, both of San Antonio, for interveners.

Don A. Bliss and D. D. Harrigan, both of San Antonio, for defendants in error.

GALLAGHER, J. The honorable Court of Civil Appeals has made a clear and comprehensive statement of this case, which we adopt, as follows:

"This suit was originally instituted by one Jas. Polk against D. D. Harrigan and plaintiff in error, J. N. Lott, seeking recovery against them on vendor's lien notes aggregating $4,500, together with foreclosure of lien on a certain 13½-acre tract situated in an outlying part of the city of San Antonio, Tex. Later defendant in error Mrs. C. L. Dashiel was substituted as plaintiff, she having acquired the notes after they were declared due. In her third amended original petition, besides

declaring upon her notes, Mrs. Dashiel alleged that the 13½-acre tract described in the warranty deed from B. K. and W. R. Edwards, the original vendors, to the defendants Lott and Harrigan, was not the tract actually purchased by the latter, and that the error in description arose in this wise: Mrs. M. J. Martin, by deed dated March 2, 1887, conveyed to Isabella Steves a certain 15-acre tract described as commencing at the southeast corner of a tract of land conveyed by Mrs. M. J. Martin to Tarleton & Keller, and after the death of Isabella Steves, intestate, P. O. Steep acquired, through guardian's deed and otherwise, the title of her four heirs at law to a 13½-acre tract, a part of the aforesaid 15-acre tract, and described as having the same starting point, and W. C. Edwards acquired through Steep and his grantee of a one-half interest, Madge Waring, the same property by the same description, and by will of Edwards, upon his death, title to same passed to B. K. and W. R. Edwards, who conveyed by the same description to the defendants Lott and Harrigan; that Mrs. Martin intended to convey to Isabella Steves 15 acres with the same metes and bounds, except that the beginning point was to be at the southeast corner of a tract conveyed by her to C. A. Keller (instead of Tarleton & Keller), and the other grantors named in the succeeding deeds each intended to convey to their several grantees the same 13½ acres, commencing as intended in the Martin deed, and that the error in the description in all of said deeds arose through mutual mistake on the part of the several grantors and grantees; that the defendants Lott and Harrigan took and hold actual possession of the last-described 13½-acre tract, actually intended to be conveyed. And plaintiff made all of these grantors and grantees parties defendant and asked that their several deeds be corrected, and that she have recovery on her notes against Lott and Harrigan, with foreclosure on the 13½-acre tract intended to be conveyed, on the basis of this correction.

"Harrigan filed simply a formal answer, and in the course of his testimony in behalf of plaintiff admitted his liability. Lott, for the purpose of obtaining the right to open and close the case, under rule 31 governing district courts (142 S. W. xx), admitted of record that the plaintiff 'has a good cause of action as set forth in her petition except in so far as it may be defeated in whole or in part by the facts of his answer constituting a good defense which may be established.' These facts in avoidance specially pleaded by Lott are, briefly stated, as follows: That W. R. and B. K. Edwards, the original vendors of the land involved, represented to Lott, acting for himself and Harrigan, that they had a good and perfect title and would furnish an abstract of title to cover, and that any apparent clouds would be immediately cleared; that it was contemplated by all concerned that the land would be cut up by defendants and sold out as cheap lots, obtaining guaranty of title by a responsible title guaranty company; that Lott had no knowledge or notice of the actual condition of title, and that he relied on the Edwardses, with whom he was intimate; that the deed was given, and the defendants proceeded to clear

the land, but the Texas Guaranty Title Company refused to guarantee the title upon the advice of their attorneys. As specific defects in title he alleged: First, that there was an outstanding undivided one-half interest to said land in the heirs of the first wife of Mariano Rodriguez, which was now being asserted; second, that there were certain incumbrances and legacy charges; third, that Mrs. Norton has had actual and peaceable possession of about 2½ acres of this tract, claiming the same as her own, for more than 10 years, thereby acquiring title thereto by limitation; fourth, that prior to the time Mrs. Martin conveyed this land to Isabella Steves, under whom the Edwardses deraign title, Mrs. Martin had already conveyed the same land to C. A. Keller. He averred that none of these outstanding titles had been acquired by the Edwardses, that he had asked the Edwardses to clear these defects, which they had failed to do, and that by reason of such defects in title the land could not be sold for more than one-half of the amount of the notes, in which amount he was damaged. Finally he alleged certain schemes on the part of the Edwardses, Polk, Mrs. Dashiel, and Harrigan in the transfer of the notes to defraud him, and that Harrigan maliciously procured his aunt, Mrs. Dashiel, to buy and enforce the notes, himself being the real owner of the same. He asked that the Edwardses be required to clear the title before recovery be allowed on the notes, and in the alternative that the transaction be rescinded in toto, the notes canceled, and the title divested, offering to convey the land back to the Edwardses or their assigns or if the transaction be not rescinded allowance be made on the notes to the extent that their consideration had failed.

"Plaintiffs in error other than Lott, namely, Sabino Sandoval et al., intervened in the suit, setting up a separate and distinct cause of action in trespass to try title to the same land, claiming a one-half interest in same as the heirs of Maria de Jesus Carvaial, first wife of Mariano Rodriguez; it being her community interest in same.

"Mrs. Dashiell, by supplemental petitions, as against the interveners' claim of title, as well as against Lott's plea of failure of title, pleaded the three, five, and ten years' statutes of limitation, and in defense against the interveners' action alleged that there was an outstanding legal and equitable title not held by interveners, and specifically pleaded ten-year limitation title in M. L. Merrick. She also alleged that Lott waived the defects in the title and his right to rescission by taking and holding possession of the land.

"Prior to trial Mrs. Dashiel dismissed as to all the parties to the deeds as to which she sought reformation except the Edwardses and Lott and Harrigan. The cause was then submitted to the jury upon numerous special issues, and upon the basis of the answers thereto the court rendered judgment correcting only the deed from the Edwardses to Lott and Harrigan (the Edwardses having been served with nonresident notice and defaulted), and in favor of Mrs. Dashiel upon her notes as against both Lott and Harrigan, and for foreclosure of the vendor's lien against the property covered by the corrected description and as in-

243 S.W.—68

tended to be conveyed, and decreeing that the interveners take nothing by their suit as against Mrs. Dashiel, Lott, Harrigan, or the Edwardses."

J. N. Lott, one of the defendants in the trial court, joined by the interveners, Sabino Sandaval and others carried the case to the Court of Civil Appeals by writ of error. That court affirmed the judgment of the trial court denying a recovery in favor of the interveners, but reversed said judgment as between the other parties thereto and remanded the cause to the district court. 233 S. W. 1103.

A writ of error has been granted by the Supreme Court upon the application of Mrs. Dashiell.

[1] The honorable Court of Civil Appeals held that defendant in error Lott failed to establish any of the defenses pleaded by him. The case therefore turns upon whether plaintiff in error was entitled to judgment against defendant in error on his admission of her cause of action except so far as it might be defeated by the facts of his answer, if established, constituting a good defense.

The honorable Court of Civil Appeals held in effect that, inasmuch as plaintiff in error admitted by the allegations of her petition that none of the deeds from Mrs. Martin to Lott and Harrigan, inclusive, described the property actually intended to be conveyed, she admitted thereby that the title to said land held by defendants in error had failed. That court further held in effect that under such a state of facts it was essential to the right of plaintiff in error to recover her debt and foreclose a lien on the property in question that she reform all said deeds, and that, as a valid reformation of the same could be had only in a suit to which the several parties thereto were parties, it was fundamental error to render judgment for plaintiff in error in this cause.

[2] We think the Court of Civil Appeals erred in so holding. Such holding fails to give full force and effect to the admission which defendant in error made in open court, as a part of the record in this case. The effect of that admission was to operate as an abandonment of all his defensive pleadings as contradistinguished from those in confession and avoidance and to admit every fact which it was necessary for Mrs. Dashiell to establish in the first instance to enable her to recover. Smith v. Traders' National Bank, 74 Tex. 541, 545, 12 S. W. 221. The contemplation of the rule is that, when a proper admission is made, if neither party introduces any evidence, the plaintiff must recover to the extent of the claim made by his pleadings. Sanders v. Bridges, 67 Tex. 93, 96, 2 S. W. 663. The admission entitled plaintiff in error to recover judgment for her debt and foreclosure of lien unless such recovery was defeated by something outside of and beyond the matters set up in her pe-

tition. In admitting that she had a good cause of action as stated in her petition, defendant in error waived any defects in the title disclosed thereby.

[3] The matters set up in the answer of defendant in error, and by the terms of the admission excepted therefrom were an outstanding title to an undivided one-half interest in the land in Sabino Sandoval and others alleged to be superior to the title of Mrs. Martin, an outstanding title in C. A. Keller, and certain releases which he claimed were necessary to clear the title. The court held that Mrs. Martin's title was superior to any title held by Sabino Sandoval and others, and denied them a recovery. The Court of Civil Appeals affirmed that part of the judgment. The evidence showed that the releases necessary to complete the record title as set out in said answer had been furnished. The land in question was shown not to be in conflict with the Keller tract. These were the only matters in avoidance set up in defendant in error's answer. The burden was upon him to establish them. The Court of Civil Appeals properly held that he failed to sustain them, or any of them, by proof. Having failed to establish any of the matters in avoidance relied on by him, he is in no condition to complain of the judgment rendered against him. Plaintiff in error was entitled to such judgment on his admission.

We recommend that the judgment of the Court of Civil Appeals in so far as it reverses the judgment of the trial court between plaintiff in error and defendants in error herein be set aside, and that the judgment of the trial court between said parties be in all things affirmed.

CURETON, C. J. The judgment of the Court of Civil Appeals set aside in so far as it reverses the judgment of the trial court between plaintiff in error and defendant in error, and the judgment of the District Court between said parties affirmed.