# OCTOBER, 1924.

American National Bank of Wichita Falls et al. v. R. W. Hall, Chief Justice, et al.

No. 3985.	Decided October 15, 1924.

(265 S. W., 378).

1.—Certified Question—Conflict in Decisions.

It is not ground for requiring the Court of Civil Appeals to certify a question to the Supreme Court that its ruling thereon conflicts with that in another case by the same court; nor that it conflicts with that of the Commission of Appeals where, on writ of error, the adoption by the Supreme Court is only of the judgment recommended by the Commission, not of its opinion.	(P. 165).

2.—Same—Opinion Set Aside on Rehearing.

An opinion of the Court of Civil Appeals which was expressly "set aside and withdrawn" by a later opinion on rehearing is to be treated as though never rendered, and can not furnish a basis for requiring the question otherwise determined by the final opinion to be certified to the Supreme Court because it conflicted with the one which it set aside.	(Pp. 165, 166).

3.—Conflicting Rulings—Dissimilar Circumstances—Repeating Testimony to Jury.

The ruling herein finding no ground for reversal in the fact that the reporter was permitted to read to the jury, at their request, a part of the testimony of a witness, was not in such conflict with that of another Court of Civil Appeals in San Antonio Trac. Co. v. Badgett, 158 S. W., 805 (where such request by the jury was refused) as to require the question to be certified. The rulings of the trial court were different and the circumstances dissimilar. (P. 166).

4.—Same.

From the holding that it is not error for a trial judge to refuse to permit a certain novel step in procedure, it cannot follow that it is material and reversible error to permit it. (P. 166).

5.—Mandamus—Certifying Question.

The conflict in decisions which will justify mandamus requiring the question to be certified to the Supreme Court must be irreconcilable, taking the opinions as a whole. Neither the circumstance that one or more of the conclusions of law announced may be in conflict, nor that some of the facts in each were virtually identical, establishes a sufficient conflict. (P. 168).

**6.—Same—Pleading—Defective Petition Cured by Answer.**

The rulings in this case on the effect of allegations in defendant's answer as curing defects in plaintiff's petition are not so far in conflict with those in Kansas City etc. Ry. Co. v. Weaver, 191 S. W., 591, as to support mandamus requiring the question to be certified to the Supreme Court. (Pp. 166-169).

Original application to the Supreme Court by the American National Bank of Wichita Falls against R. W. Hall and others, Justices of the Court of Civil Appeals for the Seventh District, requiring them to certify questions to the Supreme Court involved in their decision in the case of American Natl. Bank v. Haggerton, 250 S. W., 279, R. L. Haggerton being also made respondent. The Supreme Court referred the application to the judges of the Commission of Appeals, Section B, for their opinion, and here adopts same and refuse the writ as there recommended.

*Bonner, Bonner & Sanford,* for relator. The cases discussed and relied on by them as presenting a conflict appear in the opinion of the Commission.

*Kay, Akin & Kenley,* and *Arch Dawson,* for respondent Haggerton.

MR. JUDGE STAYTON delivered the opinion of the Commission of Appeals, Section B.

Judgment against relators having been rendered after a trial by jury and affirmed by the Court of Civil Appeals at Amarillo, (250 S. W., 279) they have applied for a writ of mandamus upon the ground, that between the opinion of the latter court and other opinions, cited in their petition, there are conflicts, as to which, under R. S. Art. 1623, certain questions should be certified to the Supreme Court. One of the relators is a banking association which clearly appears to be a stakeholder of the fund in litigation and disinterested in the result. The other one, G. C. Johnson, is a real party and will therefore be viewed as the sole proponent of the petition.

The first opinion that is alleged to present a conflict, emanated from the Court of Civil Appeals at Amarillo, and another, from the Commission of Appeals in a case where only the judgment that was recommended was adopted by the Supreme Court. As the law imposes no duty upon a Court of Civil Appeals to certify questions in one of its opinions which may be variant from its own opinion in another case or from an opinion of the Commission of Appeals, mandamus cannot be predicated upon conflicts of such nature.

A third ground in the petition is based on the opinion in the present case upon the first motion for rehearing, which, in the consideration of a subsequent motion for rehearing, was expressly

"set aside and withdrawn", and, for that reason, does not come within the wording of the statute; it was not adhered to and must be treated as if it were never rendered. Smith v. Conner, 98 Texas, 437, 84 S. W., 815; Mixon v. Wallis, 161 S. W., 911.

The further averment is made that a conflict appears between the opinion below and that of the Court of Civil Appeals at San Antonio in the case of San Antonio Traction Co. v. Badgett, 158 S. W., 805, touching the practice of permitting the court reporter's notes to be read to the jury.

In the present case the jury, after their retirement, went back into open court and asked that a portion of the testimony of one witness, as noted by the reporter, be read to them. Their request was granted over relator's objection that a part, as distinguished from the entirety, of the testimony, should not be reproduced. The Court of Civil Appeals ruled that the action of the trial court was not reversible error because the statute upon the subject was directory only and the practice within the discretion of the court, and because no harm appeared by reason of its exercise in this instance.

But in the Badgett case quite another ruling occurred and the circumstances were dissimilar. The jury's request for a rehearsal of testimony was not granted but was refused, and the Court of Civil Appeals held that the latter ruling was not error, because there was no statute authorizing the practice, but one providing for a different practice; and added, that it might not have involved reversible error if the trial court had required the stenographer's notes to be read.

One of these opinions depended upon the question of whether taking a certain step in a trial different from that supplied by statute in such cases, was reversible error in the absence of objection raising the point and in the absence of a showing of injury; the other, the question of whether the refusal to allow such a step was error. As the questions in the two cases were different, the opinions upon them fail to reveal such a conflict as the statute covers. From the holding, that it is not error for a trial judge to refuse to permit a certain novel step in procedure, it cannot follow that it is material and reversible error for him to do the opposite thing, that is allow that procedure over an objection not leveled at the method of it but at the extent of the testimony reproduced and, moreover, causing no injury to the objecting party.

Only one other conflict is claimed. It is upon the basis of Kansas City etc. Ry. Co. v. Weaver, 191 S. W., 591, and relates to a ruling upon the sufficiency of the plaintiff's petition in the trial court.

The present case was one where an allegation to the effect that an abstract showing that a good and merchantable title had been tender-

ed, was necessary to the statement of a cause of action in plaintiff's behalf. Attached to the petition was a copy of the contract sued on, which, among other things, required an abstract showing that nature of title; and the allegations referred to this as an exhibit, and continued, that "abstract . . . was delivered . . . and . . . defendant . . . accepted said abstract". Defendant presented to the court no demurrer of any kind. As stated by the Court of Civil Appeals, his original answer had contained a general demurrer but, as shown by relator and by the respondents who have appeared, his amended answer upon which he went to trial contained no demurrer of any nature but commenced with an admission, under Rule 31 for District and County Courts, that plaintiff had a good cause of action as set forth in his petition, except so far as it might be defeated, in whole or in part, by the facts of the answer constituting a good defense and established at the trial. There is nothing to show that this admission was entered of record as required by the Rule. It probably was not. The remainder of the amended answer began with the following vague but intelligible clause immediately after the admission: "and in this connection the defendant avers that the facts of the cause to constitute a good and valid defense to plaintiff's cause of action, and that the plaintiff is not entitled to recover anything herein because of the following facts herein set forth:" Then came allegations of fraudulent misrepresentations by plaintiff as to the subject-matter of the contract and a failure on plaintiff's part to make proof that lease rentals had been paid; in connection with which latter allegation was one stating, "that . . the abstract showed no title in plaintiff". The Court of Civil Appeals, as presently observed, construed this to mean that the plaintiff had not "tendered to appellant an abstract showing a good and merchantable title". The case was tried by both parties upon the theory that defendant had the burden of proof upon that question and the defendant himself requested that an issue be submitted to the jury as to whether the abstract that was tendered showed that kind of title. The request was, however, refused. Insufficiency of the petition, because of the absence of allegations as to the abstract, was raised for the first time in the Court of Civil Appeals as fundamental error. That court in its opinions stated in substance what has been noted above, and held, that, while the plaintiff omitted to aver that he had tendered the necessary showing, "the defendant alleged that this had not been done and assumed the burden of proof upon that issue. . . . . . and both parties having tried the case on that theory" no reversible error was shown; and also that, "the rule is well established in this state that, where plaintiff fails to make a necessary averment of fact, but the omission is supplied by an

allegation in the answer, even though· . . . . a demurrer to
the petition upon that ground be overruled, the defect in the petition
is unimportant, and the appellate court is not justified in reversing
the case for that reason.''

The cited decision in Kansas City etc. Ry. Co. v. Weaver, which
is relied upon as presenting a conflict on this phase of the case, was
one where damages against a railroad company, to which its former
properties had been returned by receivers, were sought on account
of a certain excavation made during the receivership; and, although
the petition alleged that the receivers did the work, it failed to state
that they acted ''as such'', or with authority from their constituent
court.    The answer contained a special exception to this defect.
It also averred that if the excavation was caused by the receivers or
by any person acting under them, it occured ''without authority
from the court appointing them.''    The trial court overruled the
special exception.    The Court of Civil Appeals held that the latter
ruling was error because it was necessary for plaintiff to aver that the
receivers acted with authority, and further that the defect was not
cured by the quoted allegations of the answer.    In the latter respect
the court said, ''Plaintiff's petition must contain such affirmative
allegations as will put defendant upon notice of the facts relied upon
as a basis of a cause of action, and the negative allegation of the
answer . . . . . did not cure the defect.''    Farther on in the
opinion, it added that the petition was not sufficient to charge liability
and thus furnish the basis for the admission of testimony of the
required authority.

In some respects the material facts underlying the two opinions
seem to be virtually identical, and the law announced in them seems
to be substantially opposed on at least one important point.    But the
two are sufficiently distinguishable to withdraw them from the scope
of the statute.    They are in part based upon materially different
facts—and within the term ''facts'', in this connection, are included
the relevant parts of the trial and appellate record and procedure.

Only one instance need be given.    In the present case, though the
petition was insufficient because of the omission of a necessary
averment, as in the other, in it, alone, the defendant admitted under
the rule that plaintiff had a good cause of action as set forth in the
petition except as it might be defeated by the allegations of the answer
constituting a good defense and established on the trial.

Neither the circumstance that one or more of the conclusions of
law in the latter opinion may be in conflict with those announced in
the other case, nor that some of the facts stated in each of them are
virtually identical, establishes a sufficient conflict in a proceeding of
this character to justify the relief that is sought.    If, as to any given

point, any of the substantial facts stated in the opinions are materially different, a conflict is not presented upon such point. The opinions in such respect must be considered "as a whole" and when so considered, in order that mandamus may issue, there must be an "irreconcilable conflict between the two". Garitty v. Rainey, 112 Texas., 374, 247 S. W., 825; Borchers v. Fly, 114, Texas, 79, 262 S. W., 733, and authorities cited.

For this reason, the distinction between the two cases that has already been indicated, prevents the opinions in them from being in conflict within the meaning of the statute.

The inquiry is suggested as to whether the difference that has been indicated is substantial. The admission under Rule 31 is ordinarily ineffectual in behalf of one of two defendants unless both avail themselves of it, and only one did so in this case It may usually have a like result unless it be entered of record as the Rule requires; and very likely no such record was here made. Moreover, there may be reason to doubt the sufficiency of the procedure from defendant's standpoint where, notwithstanding the admission, the answer contains, as in the present case, matter derogatory to it.

It is not thought that these considerations have any effect in the present case. It is unimportant that the banking association did not comply with the Rule, because it was only a stakeholder, had deposited the money in court, had admitted that the fund belonged to whichever one of the other parties prevailed, and was not such a litigant as could take any of the steps contemplated by the Rule. And it is also unimportant that, as to the other defendant, the admission was not recorded and was followed by matter which infringed upon it. Because of his method defendant might not have been able to complain if the trial court had refused him the privilege of opening and closing the case; but the Court of Civil Appeals states, and it is not disputed, that he obtained, and was not refused, the benefit of the Rule. He is therefore justly subject to the burden of the position thus voluntarily assumed and enjoyed by him.

Under that burden plaintiff was entitled to recover as he claimed, even though his pleading was defective by reason of an omission in its averments, unless he should be defeated by the matter in avoidance which was set up in the answer. Sanders v. Bridges, 67 Texas, 95, 2 S. W., 663; Dashiel v. Lott, 243 S. W., 1072 (Tex. Com. App.) 1072.

This fact distinguishes the present case from the cited case.

It is concluded that the writ of mandamus should be denied.

The opinion of the Commission of Appeals is adopted, and writ of mandamus refused.

*C. M. Cureton,* Chief Justice.