## HAILE v. COKER.   (No. 2408.)

(Court of Civil Appeals of Texas. Amarillo.
Dec. 17, 1924. Rehearing Denied
Jan. 21, 1925.)

**Trial ⬤⟹25(9)—Admission to obtain right to open and close under court rule held admission of all facts necessary to recover.**

In trespass to try title, where plaintiff alleged title with possession and right of possession, and that defendant was illegally holding over defendant's plea of not guilty, which admitted his possession under lease in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 7741, and his special plea alleging possession and wrongful dispossession, were pleas in bar, so that defendant's admission of plaintiff's rights, under district and county court rule No. 31, to obtain right to open and conclude evidence and argument was abandonment of entire answer and admission of every fact necessary to plaintiff's recovery.

Appeal from District Court, Dickens County; J. H. Milam, Judge.

Action by C. C. Haile against G. T. Coker, who filed cross-action. From judgment for defendant on cross-complaint, plaintiff appeals. Reversed and remanded.

W. E. Lessing and W. D. Wilson, both of Spur, for appellant.

G. E. Hamilton, of Matador, for appellee.

HALL, C. J. This is an action in trespass to try title by appellant, Haile, to recover the title and possession of certain premises situated in Dickens county. In addition to the formal allegations in such cases the plaintiff alleged, in substance, that in January, 1922, he leased the premises in question to the defendant for a stipulated portion of the crops as rent, and in consideration that defendant would quit and surrender possession thereof to him on the 1st day of January, 1923; that the defendant occupied and farmed the land during the year 1922, but failed and refused to surrender possession at the expiration of the term, and unlawfully withheld the possession of said premises from plaintiff, to plaintiff's damage in the sum of $250. The prayer is for title and possession, and for his damages. The defendant, Coker, answered by general denial, plea of not guilty, disclaimer of any interest in or to the land in controversy, and further alleged by way of cross-action that he leased and had occupied the land during the year 1922, and was in possession of and residing thereon on the 1st day of January, 1923, under a verbal lease from plaintiff, in virtue of which he was to occupy, use, and enjoy the land for the year 1923; that about January 9, 1923, plaintiff breached the contract of lease, and ejected defendant and his family from the premises, and wrongfully prevented defendant from occupying and farming said premises during 1923; that the profits which would have accrued to him from the use of said lands during said year would have been $6,100, and that he was further damaged in the sum of $1,000 by being deprived of the use of the premises as a home for himself and family for the rental year.

By supplemental petition the plaintiff denied that he had leased the premises to defendant for 1923, and alleged in the alternative that, if it should be found that he had leased the land for that year, then he alleges that subsequent to that time defendant had stated that he was not going to remain on the premises during the year, nor farm the same, and, relying upon said statements, plaintiff had leased the said premises to another party, and that the defendant is estopped from claiming his right to occupy the premises during 1923. This

---

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

is the second appeal to this court of this controversy. See 258 S. W. 228. Since the former appeal both parties have amended their pleadings, and an entirely different question is presented. After the issues as above stated were joined, and before the commencement of the trial, the defendant filed his admission under rule 31 for the district and county courts, and asked that he be permitted to open and conclude in the introduction of evidence, and in argument. The admission is in the language of rule 31. The request was granted by the court, and, when defendant had concluded in the introduction of his evidence, the court submitted the controversy to the jury upon three special issues; the first issue as follows:

"Did the defendant, G. T. Coker, have a rental contract with the plaintiff C. C. Haile for the year 1923 for the lands described in plaintiff's petition? "

The plaintiff requested the court to submit the following instruction:

"The defendant having by written admission filed herein, and entered of record in this cause, admitted that the plaintiff was entitled to possession of the premises sued for in this cause, you are therefore instructed to answer special issue No. 1 submitted to you in the court's main charge in the negative, and you will not answer any other special issues."

This instruction was refused, and upon the verdict the court entered judgment in favor of plaintiff for the title and possession of the premises, and in favor of defendant for the sum of $150 damages. The controversy is before us upon several propositions, in which it is contended, in substance, that, where the defendant in an action of trespass to try title files an admission under district and county court rule No. 31, he thereby admits the plaintiff's right to possession, as well as title, and, where there are no pleadings by the defendant in the nature of pleas in confession and avoidance, but the defendant's answer consists of a cross-action for damages for breach of a rental contract by ejecting defendant from the premises, that the court should have instructed a verdict for the plaintiff, based upon such admission.

Plaintiff alleges title in himself in fee simple, coupled with possession and right of possession. He further specially alleges a lease to defendant for the year 1922, the expiration of the lease, and that defendant is illegally holding over. By the express provisions of V. S. C. S. art. 7741, the defendant's plea of not guilty admits that he was in possession created under a valid lease for the year 1923. He then, by special pleading, declares upon a lease contract in virtue of which he was entitled to the possession of the premises during the rental year of 1923. He alleges that he was in possession, and that he was wrongfully and illegally dispossessed. He then claims damages as the result of such illegal dispossession. Defendant's answer is in no sense a plea in confession and avoidance. His plea of not guilty is a plea in bar, against which the plaintiff must show title and establish his right to possession during 1923 before he can recover. In order to recover upon his cross-action for damages defendant must successfully contest the issue of his right to possession with the plaintiff, and by his cross-action he necessarily denies plaintiff's right to possession, and, in that particular, is a plea in bar. Our conclusion is that defendant's admission under rule 31 was an abandonment of his entire answer, and should have been construed as an admission of every fact necessary to plaintiff's recovery. Smith v. Frost (Tex. Com. App.) 254 S. W. 926; Workman v. Ray (Tex. Civ. App.) 180 S. W. 291; Meade v. Logan (Tex. Civ. App.) 110 S. W. 189; Dashiel v. Lott et al. (Tex. Com. App.) 243 S. W. 1072.

Because some of the decisions construing and applying rule 31 are not very clear, we will not, in reversing it, render the judgment here for the appellee. In order that appellee may have the right, if he sees fit, to withdraw his admission upon another trial the judgment will be reversed and remanded.