## TURNER v. COCHRAN.

### No. 1308.

Court of Civil Appeals of Texas. Waco.
Jan. 12, 1933.

Rehearing Denied Feb. 23, 1933.

Word & Word, of Meridian, for appellant.
E. R. Pedigo, of Austin, for appellee.

GALLAGHER, Chief Justice.

A full understanding of the issues involved in this suit will be facilitated by a brief statement of the transactions out of which it arose. W. A. York was on May 30, 1925, and had been for some time prior thereto, an officer and director of the First National Bank of Meridian. Appellant J. E. Turner and J. T. McConnell, A. S. Lomax, J. D. Hanna, H. Wooley, and S. C. Barnes were also directors at that time. J. H. Woody had theretofore duly qualified as a director, but whether he was then serving as such or had resigned and abandoned such office is left by the testi-

mony in doubt. Said York was then indebted to said bank in the sum of $3,000. It was then in straitened circumstances, and was advised or required by some supervisory authority to call said loan to York and collect the same in cash. Some of the directors seem to have been active in securing the liquidation of said York loan. On May 30, 1925, said York, as principal, with the six directors then admittedly serving as such, as hereinbefore named, executed their joint and several promissory note to appellee, Mrs. J. A. Cochran, payable six months after date, in the sum of $3,000, with interest thereon until paid at the rate of 8 per cent. per annum. Said note was delivered to appellee, and she paid full face value therefor. The money received from her was applied to the satisfaction and discharge of York's indebtedness to the bank. Said bank was shortly thereafter closed. Nothing was paid on said note except a small amount of interest. Appellee, shortly before it would have been barred by limitation, placed it in the hands of her attorney for collection. Apparently it was impossible to collect the same in full in cash. An agreement was therefore made and consummated by which the principal, York, conveyed, or caused to be conveyed, to appellee two houses and lots in the city of Waco, for which she allowed a credit on said note in the sum of $1,500. The deed or deeds to appellee were not introduced in evidence, but it appears from the testimony that she took the same subject to an indebtedness in the aggregate sum of $3,500. The remainder due on said note was then apportioned among the then solvent signers thereof. The amount apportioned to appellant for payment was $480.49. He did not question the correctness of such amount. He, however, apparently thought the property conveyed to appellee was undervalued or that the same would increase in value in the near future, and demanded that any profit realized out of said property should be applied in reduction or extinguishment of the amount so assessed against him. He thereupon executed and delivered to appellee an instrument in the form of a promissory note, as follows:

"$480.49        Meridian Texas,
"Oct. 21, 1929.

"On or before October 21st, 1931, after date for value received, I promise to pay to the order of Mrs. J. A. Cochran, Four Hundred Eighty and 49/100 Dollars, at Meridian, Texas, with eight per cent interest per annum from date until paid. And in the event default is made in the payment of this note at maturity and it is placed in the hands of an attorney for collection or suit is brought on the same, or same is collected through the probate court, then I agree that an additional amount of ten per cent on the principal and interest of this note shall be added as collection fees. Excess netting above

$1500.00 upon sale within two years of two houses and lots in Waco, shall be applied as credit on this as per contract attached.

"J. E. Turner."

He also indorsed thereon the following:

"Meridian, Texas, Oct. 21, 1929.
"This agreement is a part of note attached for $480.49 of even date due on or before Oct. 21, 1931; Mrs. Cochran is to take from W. A. York and wife a deed to Lot 2 in Block 3, and Lot 7 in Block 2, Anita Park Addition to Waco, Texas, crediting the original $3,000.00 note with $1,500.00; and it is agreed that Mrs. Cochran will keep the price of her equities in said two properties high enough in offering for sale for next two years that it will net enough above the $1,500.00 dollars to pay off this $480.49 note and she agrees to sell the same if J. E. Turner or his agent, or heirs, or legal representatives offers within two said years sufficient above the $1,500.00 to pay off this $480.49 note, and her failure to so sell upon such offer will release further liability of J. E. Turner on said note.

"J. E. Turner."

Said note was not paid at maturity, and appellee instituted this suit to recover thereon.

Appellee copied said note and indorsement thereon in her petition, and alleged that appellant failed and refused to pay same. She further alleged in that connection, in substance, that shortly after said settlement was consummated she discovered that, in addition to the sum of $3,500 as aforesaid, the Waco property was at the time it was conveyed to her further charged with valid liens to secure past-due interest, paving assessments, etc., in an amount in excess of $600; that the aggregate indebtedness against said property exceeded the value thereof; that the holders of such indebtedness were about to institute suits against her to foreclose their respective liens, and thus involve her in litigation and subject her to the costs and expense necessarily incident thereto without any hope of reimbursement; that she then stated the facts fully to appellant, and offered to convey the property to him absolutely, without compensation or reservation; that she told him that, if he would not accept title thereto, she would be compelled, in protection of herself against further outlay and loss, to surrender the same to said creditors. She further alleged that appellant refused to accept such offer, and that she thereafter surrendered and conveyed said property to said creditors. She further alleged that she received nothing therefor, and that the $1,500 credit given by her on the York note in consideration of the conveyance of said property to her was a total loss.

Appellant answered by general demurrer, general denial, and a plea in confession and

avoidance, the substance of which will be recited in connection with the issues of law hereinafter discussed. He also pleaded affirmatively that the action of appellee in surrendering and conveying the Waco property to the lienholders constituted a breach of the contract evidenced by said note and the indorsement thereon, and discharged him from further liability thereon.

The case was tried to a jury. Appellant presented his general demurrer, which was overruled. He then filed a written plea, in which he admitted that appellee had a good cause of action, except as the same might be defeated in whole or in part by the facts pleaded by him constituting a defense thereto. Based on said admission, appellant claimed and was accorded the right to open and conclude in adducing evidence and in the argument of the cause. The testimony introduced will be recited, so far as necessary, in connection with the issues of law hereinafter discussed. The court submitted a single issue, which issue and the answer of the jury thereto were as follows:

"Do you find from a preponderance of the evidence that plaintiff, Mrs. J. A. Cochran, offered to convey to the defendant, J. E. Turner, the two houses and lots in Waco before she deeded the same back to the parties who held the liens against them? Answer: Yes."

The court thereupon rendered judgment against appellant in favor of appellee for the amount of said note in the sum of $637.48, with costs of suit. Hence this appeal.

### Opinion.

Appellant complains of the action of the court in overruling his general and special demurrers. He contends in that connection, in substance, that the effect of the indorsement on said note was to make the same payable only on the condition or contingency that appellee had held said property for the term of two years, and that it therefore devolved upon her to allege affirmatively that she had done so, and that, having admitted that she had surrendered and conveyed said property to the prior lienholders within such time, she not only failed to show her right to recover on said note, but further showed affirmatively that she was not entitled to recover thereon. Appellant's contentions invoke a construction of the language used in said note and indorsement with both instruments considered together. The trial court, by overruling appellant's demurrers, construed said instruments contrary to appellant's contention. In determining on appeal whether the construction of the trial court was erroneous, it is our duty to consider said instruments in the light of the circumstances under which they were executed by appellant and accepted by appellee, as disclosed by the allegations of both parties.

Clem Lumber Co. v. Elliott Lumber Co. (Tex. Com. App.) 254 S. W. 935, 936, 937, par. 1, and authorities there cited; Ray v. Barrington (Tex. Civ. App.) 297 S. W. 781, 783, par. 1, and authorities there cited. The note sued on contained an unqualified and unconditional promise to pay the amount thereof to appellee at the date specified therein. It, with said indorsement thereon, was tendered to appellee in satisfaction of appellant's liability as a signer on the original $3,000 note and as his proportionate share of the amount to be paid by the sureties thereon. No question of appellant's liability on said original note had been raised at that time. Appellant, or some one acting for him, selected the language used in the indorsement. Under elementary rules, such language must be construed most strongly against him and in favor of appellee. A construction which would result in injustice to either party should not be favored. Appellant incorporated in said indorsement two separate but related stipulations. The first was, in substance, that appellee would, in offering the property for sale before the maturity of the note, keep the price of her equities therein high enough to pay the full amount of such note, in addition to reimbursing her for the cost to her of said property. This stipulation certainly did not in terms require her, in order to prevent a foreclosure and enable her to comply therewith, to redeem such property from incumbrances unknown to either her or appellant at the time she accepted said note so indorsed. Her equities in said property being wholly without value, her surrender thereof to the lienholders without consideration, though evidenced by some form of conveyance, could not be construed to constitute a sale thereof. Neither can it be reasonably contended that appellant suffered any loss or damage therefrom. Her offer to immediately convey the property to him without consideration of any kind rebuts such contention. Appellant did not provide in such stipulation that a failure to comply therewith should forfeit appellee's rights to recover on said note and discharge him from liability thereon. We construe said stipulation to be merely an independent covenant, a breach of which might be urged by appellant in reduction or extinguishment of his liability on said note as he might show damage resulting therefrom. 13 C. J. p. 567, § 538, and authorities cited in notes 7 and 8; Id. p. 629, § 695, and authorities cited in notes thereto. The second stipulation was, in substance, that appellee should sell the property to appellant if he offered her a sufficient sum therefor to reimburse her for the $1,500 credit on the original note which she allowed in consideration of the conveyance of said property to her and to also pay in full the note sued on. It was expressly provided in that connection that a failure or refusal by appellee to accept such offer should discharge

appellant from further liability on said last named note. Clearly, appellee was not required to anticipate and negative such a defense, and we do not understand appellant to so contend. The court did not err in overruling said demurrers.

■ Appellant complains of the action of the court in refusing to submit to the jury for determination certain special issues requested by him. Such issues inquired whether he (appellant) executed and delivered to plaintiff's agent the original $3,000 note with the understanding and agreement that the same was not to be binding on him, unless signed by all the directors of said bank; whether H. L. Latimer was a director at that time and whether he signed said note; and whether J. H. Woody was a director at that time and whether he signed said note. The court refused to submit said issues. Appellant pleaded want or failure of consideration for the note sued on herein. Said plea was based on allegations that he was merely a surety on the original $3,000 note, for his proportionate part of which the note sued on was given; that A. S. Lomax, a relative of appellee and one of the directors of the bank, was her agent in making said loan; that, at the time he (appellant) signed said note, he had an express agreement with said Lomax as such agent that all the directors of said bank at the time should join in signing the same, and that he was not to be bound thereon unless all said directors did sign the same; that either H. L. Latimer or J. H. Woody was a director at that time, and did not sign said note; that he did not know of such failure at the time he participated in the settlement of said original $3,000 note and signed the note sued on as his proportionate contribution to the payment thereof; that he never discovered such failure until after the institution of this suit. The testimony introduced is wholly insufficient to raise an issue of the agency so alleged. Both appellee and Lomax expressly denied such agency. Appellant, in support of his contention that an issue of agency was raised by the evidence, cites the testimony of appellee that Lomax was related to her by marriage; that he was a director of the bank at the time she made the loan to York; that he came to her and told her York wanted the money and who would sign the note; that she told him she would accept the note and make the loan. There is nothing in such testimony tending to raise an issue of agency. Appellant also in this connection cites the testimony of Mr. Cureton, who, in behalf of appellee, participated in the settlement of the $3,000 note and the substitution of the note sued on in lieu of appellant's liability thereon. Such settlement was made in October, 1929. The original loan to York was made May 30, 1925. Said bank had been closed long before said settlement, and Lomax was of course no longer a director thereof, and had not, so far as shown, any interest inconsistent with appellee's, such as he had at the time he was actively aiding York to secure the loan from appellee that the proceeds thereof might be immediately available to meet the necessities of said bank. The testimony of Mr. Cureton so relied on by appellant is, in substance, that at the time of such settlement and substitution Lomax was attending to appellee's business, and that he accepted his statements in connection therewith as he would have accepted statements made by appellee. Clearly, such testimony could not have a retroactive effect and establish an agency more than four years prior to that time. Even if the testimony, as contended by appellant, raised such issue, it was conflicting and the determination thereof for the jury. Such issue was a controlling one in the defense which appellant sought to establish. The court having failed to submit the same, appellant's failure to request its submission waived such defense. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W. (2d) 1084, 1085, par. 2; Bulin v. Smith (Tex. Com. App.) 1 S.W.(2d) 591, 592; American Surety Co. v. Whitehead (Tex. Com. App.) 45 S.W.(2d) 958, 961, par. 5; Dallas Hotel Co. v. Davison (Tex. Com. App.) 23 S.W.(2d) 708, 713, pars. 3 and 4; Duncan Coffee Co. v. Haddock (Tex. Civ. App.) 51 S.W.(2d) 437, par. 2. Each of the issues so requested by appellant assumed that appellee in making said original loan was represented by some unnamed and unidentified agent, and were for that reason also properly refused.

■ Appellant, as hereinbefore stated, before any testimony was introduced, filed a written plea in which he admitted that appellee had a good cause of action except as the same might be defeated in whole or in part by the facts pleaded by him constituting a defense thereto. The effect of that admission was to operate as an abandonment of all his defensive pleadings as contradistinguished from those in confession and avoidance, and to admit every fact which was necessary for appellee to establish in the first instance to enable her to recover. Such admission entitled appellee to recover judgment for her debt, unless such recovery was defeated by something outside of and beyond the matter set up in her petition. Dashiel v. Lott (Tex. Com. App.) 243 S. W. 1072, 1073, par. 2; Smith v. Frost (Tex. Com. App.) 254 S. W. 926, 927, par. 2; American National Bank of Wichita Falls v. Hall, 114 Tex. 164, 169 (bottom of page), 265 S. W. 378; Haile v. Coker (Tex. Civ. App.) 267 S. W. 1010. Appellant's said admission renders consideration of his other assignments unnecessary.

The judgment of the trial court is affirmed.