## CASPARIS v. FIDELITY UNION CASUALTY CO.
### No. 7853.

Court of Civil Appeals of Texas. Austin.
Oct. 11, 1933.

Rehearing Denied Nov. 1, 1933.

T. H. McGregor and Cofer & Cofer, all of Austin, for appellant.

Houston & Johnson, of Dallas, for appellee.

McCLENDON, Chief Justice.

This is a Workman's Compensation Law case. Appellant's husband was killed while in the employ of one insured by appellee under that law (Rev. St. 1925, arts. 8306–8309, as amended). The appeal is from a judgment non obstante veredicto denying recovery; the trial court holding that the evidence would not support a jury finding that the injuries resulting in Casparis' death arose in the course of his employment.

We have concluded that the trial court was without jurisdiction, and therefore the trial court's above holding becomes unimportant. The pertinent record facts follow:

Davis, Casparis' employer, and Casparis lived in Johnson City. Davis had a construction contract on a portion of state highway in Gillespie county, in connection with which he operated a camp for his laborers and teams. Casparis was employed as general roustabout. He used a truck, which he owned but for which Davis supplied the gas and oil, to go to and from his work between his home in Johnson City and the camp. It was a part of his duties on these trips to take groceries and other supplies to the camp, and to bring from the camp tools needing repair in Johnson City. On September 25, 1930, while he was on his way from the camp to his home his truck struck a soft shoulder and was wrecked; causing the injuries resulting in his death. Mrs. Casparis filed a claim for compensation with the Industrial Accident Board; and the latter, after a hearing entered an award on December 20, 1930, denying compensation, on the ground that Casparis was not at the time of the fatal accident engaged in the course of his employment. No appeal was taken from this award. On August 28, 1931, she filed with the board an application to review its award, predicating her right thereto upon the ground that she had subsequently learned from Davis

"the real facts," that her husband "was in the regular course of his employment at the time of his death," and that she had been prevented from ascertaining the facts prior to the award by the fraudulent misrepresentations of appellee's agent. On September 18, 1931, the board refused to review its prior order, on the ground that it had lost all jurisdiction in the premises. The present suit is a regularly prosecuted appeal from that order.

On May 10, 1922, in Millers' Indemnity Underwriters v. Hayes, 240 S. W. 904 (an unadopted opinion of the Commission of Appeals), it was held that under section 12d of article 8306, R. C. S., the Industrial Accident Board had jurisdiction to review for mistake or fraud its orders denying as well as those awarding compensation. On June 25, 1930, in Cooper v. U. S. F. & G. Co., 29 S.W.(2d) 971, 973 (also an unadopted opinion of the commission), it was held that section 12d only applied where the board "has previously made an award allowing compensation," and "has no application whatever to cases in which the board has made an award refusing compensation." No reference, however, was made to the Hayes Case.

December 20, 1930 (two days after the award in this case), motion for rehearing was overruled in the Cooper Case, the commission handing down an unadopted opinion (33 S.W. (2d) 189, 190), from which we quote: "An examination of the opinion in the Hayes Case convinces us that our holding in the instant case is in conflict therewith; in fact, while the original opinion in this case was pending before the Supreme Court, and before they had adopted the judgment recommended therein, we had our attention called to the Hayes Case, and in turn, called the attention of the Supreme Court thereto. In this condition of the record we have consulted with the Supreme Court and they have informed us that they entered the judgment recommended by us in our original opinion in this case, with the opinion in the Hayes Case before them, and with the full realization at the time, that the holding in the instant case has the effect of overruling the Hayes Case. Also the Supreme Court have informed us that they are still of the opinion that the construction placed on section 12d of article 8306, supra, in our original opinion in this case is correct, and that the construction placed thereon in the Hayes Case is erroneous, and should be overruled. We therefore still adhere to the holding in our original opinion, and expressly overrule the holding in the Hayes Case."

▪ It is the contention of appellant that since the relationship between the employee and insurance carrier is contractual [Patton v. Casualty Co. (Tex. Com. App.) 36 S.W.(2d) 1000], the remedy afforded by section 12d as construed in the Hayes Case became a vested contractual right which was protected by the state and Federal Constitutions [Const. Tex. art. 1, § 16; Const. U. S. art. 1, § 10], and could not be taken away by the subsequent overruling of the holding in the Hayes Case. We quote appellant's proposition of law in this regard: "Where a contract is entered into with reference to a certain statute and such statute has been construed by the Supreme Court—the highest court, such statute and the decision construing it enter into and become a part of the contract, and the contracting parties are entitled to the benefit of such statute as so construed, even though the Supreme Court in a subsequent decision has overruled its former decision."

Pretermitting in this connection any discussion of the authoritative effect of unadopted opinions of the commission, and of the question whether the change in remedy (if it had been statutory, and not by judicial decision) would come within the rule contended for, the quoted proposition of law is not sound, and we overrule it upon the authority of Storrie v. Cortes, 90 Tex. 283, 38 S. W. 154, 156, 35 L. R. A. 666. In an elaborate opinion by Judge Brown, in which the authorities, state and federal, are reviewed, including those cited by appellant, the court say: "In no case decided by the supreme court of the United States, nor, do we believe, in any case decided by any state court, has it ever been held that a decision which overruled a former decision of the same court was obnoxious to the provision of the constitution of the United States, or of the state, which prohibits a state from enacting any law that violates the obligation of a contract. On the contrary, in every instance where the question has come before the supreme court of the United States in the exercise of appellate jurisdiction over the supreme court of a state, and in which the federal supreme court was confined in the determination of the question to definite constitutional and legal principles, it has been held that a decision of a court is not a law, within the provisions of the constitution of the United States."

Independently, however, of this constitutional question, the case presents the question of the trial court's jurisdiction under the commission's holdings in the Hayes and Cooper Cases.

▪ None of the opinions or holdings in the Hayes and Cooper Cases was adopted by the Supreme Court. The order of the Supreme Court overruling the motion for rehearing in the Cooper Case recites: "Written opinion by Judge Critz."

McKenzie v. Withers, 109 Tex. 255, 206 S. W. 503, is to the effect that "approval of the judgment recommended by the Commission is to be understood as having no further effect than to simply adopt the view of the Commission as to the determination to be made of the cause." This holding was later applied

in Stephens County v. Oil & Gas Co., 113 Tex. 160, 254 S. W. 290, 29 A. L. R. 566.

In American Nat. Bank v. Hall, 114 Tex. 164, 265 S. W. 378, 379, it was held that "as the law imposes no duty upon a Court of Civil Appeals to certify questions in one of its opinions which may be variant from * * * an opinion of the Commission of Appeals, mandamus cannot be predicated upon conflicts of such nature." Although we have found no express pronouncement upon the subject, we understand that the Supreme Court, where it had general jurisdiction, has granted writs of error in cases involving such conflicts.

Whatever may be the effect of these holdings as regards the binding authority upon the Supreme Court of commission holdings, essential to its adopted judgments, the views of this court as to their binding effect upon the Courts of Civil Appeals are expressed in the following quotation from United North & South Oil Co. v. Meredith (Tex. Civ. App.) 258 S. W. 550, 556: "We think the holdings of the Commission which are essential to the judgments adopted are entitled to be regarded as having the express sanction of the Supreme Court, and therefore to be followed as authority."

The holding in the Hayes Case was essential to the judgment.

Immediately following the above quotation from the Cooper Case we read: "Furthermore, even if we should adhere to the construction of section 12d of article 8306, supra, as announced in the Hayes Case, still Mrs. Cooper could not recover in this case, and the motion for rehearing should be overruled. As disclosed by the above statement, Mrs. Cooper did not attempt in the instant proceeding to allege or prove any change of conditions, mistake, or fraud, since the denial by the board of her first application. Under the plain terms of the statute, whenever irregularities or errors are made in an original award, they must be corrected by an appeal to the district court in the manner, and within the time prescribed by the statute. It is only where there has been a change in the physical condition of the claimant since the first award that the board may change or modify its original award. Independence Indemnity Co. v. White (Tex. Com. App.) 27 S.W.(2d) 529, and authorities there cited."

The opinion of the commission expressly overruling the holding in the Hayes Case, delivered, as stated therein, after consultation with the Supreme Court, cannot, in our opinion, be regarded otherwise than as having the express sanction of the Supreme Court, and, therefore, as binding on this court, regardless of whether the judgment of the commission might be upheld upon some other ground.

Allen v. Berkmier (Tex. Civ. App.) 216 S. W. 647; King v. Pauly, 159 Cal. 549, 115 P. 210, Ann. Cas. 1912C, page 1244, and extensive case note, pages 1248 et seq.; Swiss O. Co. v. Shanks, 208 Ky. 64, 270 S. W. 478; 7 R. C. L., p. 1005, n. 7; 15 C. J., p. 939, § 329. The following concise statement of the rule is quoted from the King Case, above: "Where an appellate court places its decision on two or more distinct grounds, each is as much an authoritative determination as the other, and neither can be disregarded as obiter dictum."

But even if it were technically dictum, the circumstances under which it was pronounced were such that we would feel bound, nevertheless, to follow it. See Parker v. Bailey (Tex. Com. App.) 15 S.W.(2d) 1033.

An examination of the opinion of the Court of Civil Appeals in the Cooper Case, 14 S.W.(2d) 342, 343, discloses that the decision of that court, dismissing the cause, was predicated upon the fact that the refusal of the board was based upon its finding that neither fraud "in the procurement of said order" nor subsequent change of physical condition was shown.

The record in the present case also brings it, we think, within this holding of the Court of Civil Appeals in the Cooper Case. The only evidence offered on the issue of fraud was that of a brother of Casparis who testified that appellee's agent told him that the claim was turned down because Casparis "was killed after working hours." Mrs. Casparis gave no testimony upon the subject, and there was no evidence either that this statement was not literally true, or that it had any effect upon the conduct of the case before the board. Davis was related to Mrs. Casparis, lived in the same town with her, and his testimony shows that his attitude was very sympathetic. The record does not disclose that Mrs. Casparis was not fully cognizant of the terms of her husband's employment before the hearing.

The trial court's ruling that the board had jurisdiction to review its previous order was based upon the holding that the amendment to section 12d, art. 8306, which became effective May 20, 1931 (Acts 1931, c. 155 [Vernon's Ann. Civ. St. art. 8306, § 12d]), was retroactive. In this we cannot concur. While the Legislature may modify or extend an existing remedy, it cannot revive a remedy when all remedy has been barred. Cathey v. Weaver, 111 Tex. 515, 242 S. W. 447. At the time this amendment became effective, all right of review, either by the board or through appeal to the courts, had been lost.

The proper order would have been to dismiss the case; but since the trial court's judgment denying recovery had the same effect, it is affirmed.