**Opal MUHLHAUSEN, Appellant,**

v.

**Dorothy Mae LEE, Guardian of the Persons and Estates of Mack Edward Lee, III and Marilyn Lee, Minors, Appellee.**

No. 6553.

Court of Civil Appeals of Texas.

Beaumont.

June 28, 1962.

Rehearing Denied Sept. 5, 1962.

J. Q. Weatherly, Houston, for appellant.

Stovall & O'Bryant, Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, for appellee.

McNEILL, Justice.

Our former opinion filed June 7, 1962 is withdrawn and the following is filed in lieu thereof; to which present or amended motions for rehearing may be addressed.

This action was instituted by appellee as Guardian of the Estate of two minors, Mack Edward Lee, III, and Marilyn Lee, against appellant, Opal Muhlhausen, individually and executor of the Estate of William C. Muhlhausen, deceased, and the Houston Bank & Trust Company of Houston for a declaratory judgment construing the will of Florence Muhlhausen, deceased, and to de-

clare the rights of these parties in property affected by said will.

The claims of the parties arise from the facts and circumstances set forth in the next two paragraphs.

Florence Muhlhausen was the first wife of William C. Muhlhausen, and a niece of Eugene L. Bender, who died in the year 1934, and under whose will she was left an undivided ⅟₂₄th of his estate. Florence Muhlhausen died April 27, 1946, and under her will, among other things, she provided as follows:

"After the above bequests are taken care of, then I give, devise and bequeath unto my husband, William C. Muhlhausen, all of my separate property for him to enjoy during his natural life; also the full and complete mineral and oil royalties, should there be any, granting to him also the privilege of selling or mortgaging any of the property; but upon the death of William C. Muhlhausen, any of my separate property that still remains with him I wish to pass to Mack Edward Lee, III and Marilyn Lee, share and share alike."

During the year 1936, George Hannan & Chas. A. Bahr, Independent Executors and Trustees of the Estate of Eugene L. Bender, deceased, during the time said estate was operating as a unit, sold and conveyed to the City of Houston, lands forming a part of three surveys in Harris County, Texas, the quantity conveyed being based upon a certain contour for the height of a dam to form Lake Houston. After the dam was built and the lake made, its height was lowered, and sundry heirs of the Eugene L. Bender Estate petitioned the City to restore the excess lands so conveyed, which was done by appropriate City ordinances and deeds of conveyance. The Bender estate then no longer operating as a unit, the restoration was by deeds making conveyance to the respective owners and heirs instead of to the Eugene L. Bender Estate. In the deed representing the ⅟₂₄th interest given Flor-

ence Muhlhausen in the Eugene L. Bender will, the name of William C. Muhlhausen was used as grantee instead of the Estate of Florence Muhlhausen which was then in existence. William C. Muhlhausen paid $410.69 to the City for this conveyance. This sum represented the original price for the ⅟₂₄th interest paid by the City of Houston when the land was acquired by the City, plus 6 percent interest from said date.

In August, 1959, William C. Muhlhausen, the life tenant in Florence Muhlhausen's will, acting individually and as executor of Florence Muhlhausen Estate, under the power granted him, conveyed a different tract, being a ⅟₂₄th undivided interest owned by the Estate of Florence Muhlhausen in the W. B. Adams Survey, unto George P. Kirkpatrick, for $50,000, of which $10,000 was paid in cash, and retained an express vendor's lien to secure the $40,000 unpaid purchase money represented by a note for such sum, payable to order of William C. Muhlhausen at $8,000 per year, with interest at 5 percent per annum. William C. Muhlhausen pledged and assigned this note and liens to Houston Bank & Trust Company to secure his two individual collateral notes of $9,000 and $3,500. Payments have been made upon such notes so that the unpaid balance at time of trial was $24,000 on said vendor's lien note. William C. Muhlhausen died June 6, 1961, and his will was probated and by its terms, passed all his property to appellant, Opal Muhlhausen.

· Upon the above statement, the contentions of the parties, both in the trial court and in this court, may be summarized as follows: Appellee guardian asserts that the deed from the City of Houston made in December, 1957, to William C. Muhlhausen for the ⅟₂₄th interest of the excess lands actually became, or should be held to have become, by such conveyance the property of the Florence Muhlhausen Estate. Appellant claims on the other hand that such property was paid for by William C. Muhlhausen with the sum of $410.69, which was community property between him and his

second wife, the appellant, and that the property, therefore, was their community property. Appellee asserts that since the title to the other tract, the ½₄th interest in the W. B. Adams survey sold to Kirkpatrick, belonged to the Florence Muhlhausen Estate, the unpaid balance on the purchase property note was proceeds of the Florence Muhlhausen Estate property and consequently became vested in the two minor remaindermen in her will. Appellant, of course, asserts the contrary. The Bank was made a party since it holds this note as security for the notes of William C. Muhlhausen. It was stipulated between the parties that the Bank would have the right to retain the vendor's lien note until the notes of William C. Muhlhausen were paid.

After trial of these issues before the court, judgment was rendered upholding appellee's contention that though the deed from the City of Houston named William C. Muhlhausen as grantee to the extent of the undivided interest in the excess property of the Bender Estate owned by Florence Muhlhausen as devisee, the object of the conveyance was to correct an excess quantity of land so originally acquired by the City, and such excess interest was therefore rightly the property of and became vested in the Estate of Florence Muhlhausen, subject to the terms of her will, and the equitable title to such interest never became vested in William C. Muhlhausen. The court, however, decreed that the amount of $410.69 so paid the City of Houston by William C. Muhlhausen, together with interest thereon at 6 percent from date of his payment, should be refunded to the William C. Muhlhausen Estate. The trial court further decreed that the Kirkpatrick note and lien securing it were proceeds of the sale of property of the Florence Muhlhausen Estate and were therefore the property of said minors, subject to the rights of the Bank to secure repayment of its indebtedness against William C. Muhlhausen.

Appellant Opal Muhlhausen asserts that because the deed of the Eugene Bender Estate to the City of Houston made by its executors in the year 1946 passed title out of the Estate of Eugene Bender and cut off and destroyed the rights or expectancy of the Estate of Florence Bender Muhlhausen therefrom, the re-purchase by William C. Muhlhausen in 1957 from the City of Houston was made to him and his second wife as their community property. Her argument on this point, however, is brief and without citation of authority. In deference to such assertion, though, we set forth additional facts which we believe led the trial court to reach his decision on this question. The ordinance of the City of Houston ordering deeds made of the excess land to be returned recited that the pertinent deed should be made "from the City of Houston to the heirs, assigns, transferees and successors of the Eugene L. Bender Estate." However, without involving any person at interest in wrongdoing, through error the deed dated December 26, 1957, was made to William C. Muhlhausen.

At the time this deed was made Muhlhausen was the executor of the Florence Muhlhausen estate. As such he owed to this estate the most scrupulous fidelity. The land was returned by the City, not at a price commensurate with its then value, but at the price originally paid by it—to the heirs, assigns, transferees and successors of the Eugene L. Bender Estate. William C. Muhlhausen individually fell in neither of these categories. His duty was to have taken the title as executor of the Florence Muhlhausen estate. Though this is neither a legal nor an equitable proceeding, but one sui generis, Cobb v. Harrington, 144 Tex. 360, 190 S.W.2d 709, 172 A.L.R. 837, it is thought that the familiar maxim that, "equity regards that as done which ought to have been done" is applicable here, as well as that equity imputes an intention upon Muhlhausen's part to have fulfilled his duty to the estate which he represented. As said in Guilliams v. Koonsman, 154 Tex. 401, 407, 279 S.W.2d 579, 583, 57 A.L.R.2d 97, the Declaratory Judgments Act Vernon's Ann.Civ.St. art. 2524–1 should be liberally

construed, "its scope should be kept wide and liberal and should not be hedged about by technicalities." Legal principles and maxims of equity thus must necessarily be availed of in construing documents, the meaning of which are called in question by the present type of action. The trial court correctly held the property, the ½4th interest described in the City's deed to William C. Muhlhausen, belonged to the Florence Muhlhausen Estate.

Appellant argues at length that if the Kirkpatrick note and lien securing same are "proceeds" of the sale of property of Florence Muhlhausen estate, the balance of $24,000.00 owing on this note did not pass, upon William C. Muhlhausen's death, under the Florence Muhlhausen will to the remaindermen, but belonged to her, appellant, as the surviving widow and beneficiary under Muhlhausen's will. She would place herself within the holding of McMurray v. Stanley, 69 Tex. 227, 6 S.W. 412. But, as reflected in McMurray v. Stanley, the first taker under the will involved was given a fee in the property. Such a fee given to the first taker is a conditional or defeasible fee. Harrell v. Hickman, 147 Tex. 396, 215 S.W. 2d 876. The McMurray case holds that where a defeasible fee is given the first taker, the "proceeds" of a sale by the first taker, in the absence of language to the contrary in the will, would not pass to the remainderman. Norton v. Smith, by this court, Tex.Civ.App., 227 S.W. 542; McClure v. Bailey, Tex.Civ.App., 209 S.W. 2d 671, and Feegles v. Slaughter, Tex.Civ. App., 182 S.W. 10, were each cases where the first taker was given a fee and it was held that the proceeds would not go to the remainderman.

The Florence Muhlhausen will did not give her husband a fee but gave him a life estate in her property with power of sale. We, therefore, conclude that the trial court correctly determined that these proceeds passed under Florence Muhlhausen's will to her nephew, Mack Edward Lee, III, and niece, Marilyn Lee. This conclusion is rested upon the holding of the Supreme Court in Edds v. Mitchell, 143 Tex. 307, 184 S.W.2d 823, 158 A.L.R. 470. The will in that case granted the first taker a life estate. Judge Smedley, in the opinion for the court, discussed practically all of the cases cited by both parties in the instant case and explained and distinguished the authorities in able fashion. Nothing would be gained by repetition thereof. The opinion of the Court states there is a controlling distinction between the giving of a defeasible fee with power of sale and the giving of a life estate with power of sale to the first taker. It was there further stated that in the McMurray case the first taker, N. G. Bagley, took the entire legal estate in the property and that as he had full power to sell, the proceeds of the sale or sales of parts of this property were but another form of the property in fee given him; and as the will did not show the intent of testatrix that the remaindermen should have a right to such proceeds, they could not recover them. We quote from the Edds v. Mitchell opinion (184 S.W.2d p. 825):

> "* * * when a life estate is expressly created by will and unlimited power of disposition given to the life tenant, with remainder over in whatever part of the estate remains undisposed of at the time of the death of the life tenant, the proceeds of sales made by the life tenant, undisposed of at the time of his death, as well as the unsold part of the very property devised, pass to the remainderman, provided of course, the language of the will does not disclose an intention that the proceeds of sales shall not so pass."

Appellant contends that this language is obiter dictum. We have carefully studied this opinion and cannot agree with her. The holding of the Court is upon two bases: The first is as we have set forth (pp. 825–827); and the second is that when the provisions of Items 4 and 6 of the will are construed together they clearly show it was testator's intent that the *proceeds* of sales remaining in the hands of the life

tenant at the time of her death should go to the remaindermen (pp. 827–828). The Supreme Court could have based its decision in this case alone upon this point. But it did not do so. The Court concluding this phase of the case said, page 828: "For the reasons given and on the authorities discussed and cited, we hold that the Court of Civil Appeals correctly construed O. D. Rhode's will." The basis for the decision first stated is not obiter dictum. Casparis v. Fidelity Union Casualty Co., Tex. Civ.App., 65 S.W.2d 404, (W.R.); Park v. South Bend, etc., Co., Tex.Civ.App., 199 S.W. 843; 21 C.J.S. Courts § 190, p. 315.

Judgment of the trial court is affirmed.