## W. G. L. MORRIS v. W. RUNNELLS.

It seems that the provision of Article 667, which requires actions for the recovery of land and damages thereto, to be brought in the county where the land lies, is a privilege of the defendant, and, where the action is brought in the county where the defendant resides, is waived by a failure to object at the proper time.

Where the plaintiff sued the defendant for the rescission of an executed contract for the sale of land, and indorsed the petition with a notice that the action was brought as well to try the title as for damages, this Court said, in answer to an objection that the suit was not brought in the county where the land lay, that the suit could not be said to have been brought for the recovery of land or damages thereto, within the intent of the exception in Article 667, and that the action was well brought in the county where the defendant resided.

Where the plaintiff sued to rescind an executed contract for the sale of land on the ground that by certain fraudulent representations, the defendant had induced him to accept, in payment for the land, a cotton receipt of one Tindall, of Aberdeen, Mississippi, promising to pay the proceeds of eleven bales of cotton, which, it was in effect averred, was valueless to the plaintiff, and the defendant an-

swered by alleging that he paid the price of the land in money, and delivered the cotton receipt to the plaintiff for collection, this Court said : The defendant, by expressly admitting in his answer the giving of the receipt in question, took upon himself the burden of proof as to the purpose for which he alleged it to have been delivered to the plaintiff.

Bills of exception which refer to documents and depositions which are not contained in the record, and the substance of which is not stated, cannot be considered.

It seems that the admission of improper testimony is not sufficient ground to reverse a judgment, where the case is made out independently of the evidence objected to.

Error from Rusk.   The appellee sued the appellant in Rusk County, that being the county of the defendant's residence, for the rescission of an executed contract for the sale of six hundred and forty acres of land in Fannin county, on the ground that the sale was procured by fraud.   The petition was indorsed with notice that the action was brought to try the title, &c.   It seems that the action was brought under the 6th exception of Article 667.   No objection to the jurisdiction was taken below.   It was alleged that the defendant, by certain fraudulent representations, induced the plaintiff to accept, in payment for the land, a certain cotton receipt of one Tindall, of Aberdeen, Mississippi, promising to pay the proceeds of eleven bales of cotton, which it was, in effect averred, was valueless to the plaintiff.   The defendant first answered by a general denial ; but afterwards amended his answer, admitting the giving of the cotton receipt to the plaintiff, but alleging that it was given to him for collection, and that he paid in money for the land.   It was in evidence that the defendant had stated in a conversation, that he had traded to the plaintiff a cotton receipt upon one Tindall, of Aberdeen, Mississippi, for eleven bales of cotton, for six hundred and forty acres of land in Fannin County, and that the receipt was worthless. The cotton receipt was admitted in evidence, without proof of its execution, the defendant objecting.   The Court also permitted to go to the jury, the defendant objecting, a protest made upon a copy of the receipt, and the deposition of a witness in relation thereto, referred to in the statement of facts

and in a bill of exceptions, but which are not copied into the record; nor is the substance stated.    There was a verdict for the plaintiff; whereupon the Court decreed a rescission of the sale, and the defendant brought a writ of error.

*Pitner* and *Casey*, for plaintiff in error.

*N. G. Bagley*, for defendant in error.

WHEELER, J.   It is insisted for the plaintiff in error, that the Court had not jurisdiction to try the case in the county of the residence of the defendant, because the land, the subject matter of the sale which it was proposed to rescind, was situated in a different county.

There was no objection taken to the jurisdiction of the Court, by plea or exception.    And we have heretofore decided, that the right of the defendant to be sued in a particular county, being a question of local jurisdiction merely, is a personal privilege, which the defendant, if he think proper, may waive; and which, by pleading to the action without objecting to the jurisdiction, he will be deemed to have waived.    (11 Tex. R.) Besides, the present is not properly an action for the "recovery of land, or damages thereto."    It is a suit, the primary object of which, and the object attained, was the rescission of a contract.    Land, it is true, was the subject matter of the contract.    But there can be no more reason for requiring the suit to be brought in the county where the property was situated, in this case, than in a case where the object of the suit is the rescission of a contract relating to any other species of property.    The case does not come within the language, or apparent intention of the statute.    (Hart. Dig. Art. 667.)    And the objection, if taken in proper time, ought not to have prevailed.

The defendant, by expressly admitting in his answer the giving of the receipt in question, dispensed with the necessity of proof by the plaintiff of that fact; and took upon himself
12

the burden of proof as to the purpose for which he alleged it to have been delivered to the plaintiff.

It does not appear what was the character of the protest spoken of. The receipt was not commercial paper, and was not the subject of a notarial protest for non-acceptance, evidenced by the act of the notary. But the record is evidently incomplete in not containing the protest and deposition referred to, and properly constituting a part of the statement of facts. Every presumption is in favor of the judgment. And in the absence of the protest and deposition in question, it would not be unreasonable to suppose that, taken in connection, they may have afforded competent evidence of the due presentation and non-payment of the receipt.

But it will suffice to dispose of the objection to the ruling of the Court admitting the evidence in question, that it was rendered immaterial by the other evidence in the case. The admission of the defendant that the receipt was worthless, dispensed with the necessity of proving its presentation and non-acceptance or non-payment, which would have been but evidence of the admitted fact. But the admission made out the case for the plaintiff on this point, independently of the evidence objected to. The plaintiff was entitled to a verdict without it. Its admission, therefore, can have operated no injury to the defendant, and cannot afford a ground for reversing the judgment. The judgment is therefore affirmed.

                                        Judgment affirmed.