Opinion by
White, P. J.
§ 558. Petition in suit on open account; allegation of contract in writing to pay the debt at a particular place sufficient, without setting out the contract; case stated. Wallace, Landes & Co. sued the firm of “J. P. Whit-taker,” composed of J. P. Whittaker, A. Whittaker and D. Whittaker, upon an open account verified by affidavit, for the sum of $244.67 and interest. The petition alleged that the defendants resided in Bosque county, but that they had contracted in writing to pay the debt sued for in Galveston county, where this suit was instituted. A. Whittaker, plaintiff in error, was the only one of the defendants upon whom service of citation was obtained, and he failed to appear and answer. Plaintiffs dismissed as to the other defendants not served, and took judgment by default against A. Whittaker individually, and the firm of “ J. P. Whittaker,” for their debt, interest and costs. Held: 1. On general demurrer the petition was sufficient. It fully stated a cause of action, and affirmatively alleged all that was necessary to confer jurisdiction upon the county court of Galveston county. [R. S. art. 1198, sub. 5; W. & W. Con. Rep. §§279, 494.] 2. It was not necessary that the alleged contract in writing to pay the debt in Galveston county should be set out in the petition. A party is not required to plead his evidence.
§ 559. Privilege to be sued in county of residence may be waived; how such privilege may be asserted. “ The right of a defendant to be sued in a particular county, being a question of local jurisdiction merely, is a personal privilege, which the defendant may waive.” [Morris v. Runnells, 12 Tex. 175.] The only mode by which he can avail himself of the privilege as against a cause of action sufficiently pleaded, is by plea in abatement, *497 filed in due order of pleading, verified by affidavit, in the tribunal in which the suit is brought. [R. S. arts. 1262, 1263, sub. 1, 1268.] If he does not plead his privilege, it will be presumed that he has waived it, and he cannot avail himself of such privilege at any other stage of the proceeding.
February 21, 1885.
§ 560. Interest on open account; facts alleged, taken as proved on judgment by default. An open account bears interest at the rate of eight per cent, per annum from the first day of January after the account was made.' [R. S. art. 2977.] It is alleged in this case, that, by express contract, the account was to bear interest at the rate of ten per cent, per annum from the date when said account became due, which was February 21, 1883. It is a rule of practice, settled by an unbroken line of decisions in this state, that, in a judgment by default, the matters set out in the petition are to be taken as proved. [W. & W. Con. Rep. § 11.] It was not error, therefore, to render judgment for ten per cent, interest in accordance with the allegations in the petition.
§ 561. Interest on judgment. The judgment for principal and interest added was made to bear interest at the rate of eight per cent, per annum from the date of the judgment. This was not error of which the defendant could complain. [Miner v. Exch. Bank, 53 Tex. 559.] The judgment might properly have been made to bear interest according to the rate specified in the alleged contract.
Affirmed.