## C. B. DOCKUM ET AL V. MERCURY INSURANCE COMPANY ET AL.

No. 7333. Decided January 24, 1940.
Rehearing overruled February 21, 1940.
(135 S. W., 2d Series, 700.)

438

*W. Sale Lewis* and *Harley Jackson,* both of McAllen, and
*L. L. Gragg,* of Edinburg, for plaintiff in error.

*L. C. McLean* and *Kelley, Looney & Norvell,* all of Edinburg, for defendant in error.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

C. B. Dockum and wife, plaintiffs in error here, sued Mercury Insurance Company et al, in the District Court of Hidalgo County, for damage alleged to have been sustained on account of injury to their residence caused by windstorm about the

5th or 6th of August, 1933. Damage was prayed for in the sum of $500.00 with interest. The loss was sought to be recovered under a contract of windstorm insurance alleged to have been made with the Dockums orally by Mrs. E. Adams on behalf of the Mercury Insurance Company through the McAllen Insurance Office, or Agency, a few days before the damage occurred.

The trial court's judgment for $200.00 in favor of plaintiffs was reversed by the Court of Civil Appeals and judgment was there rendered for the defendants. Writ of error was granted upon the conflicts alleged.

Upon a thorough examination of the application for the writ we have concluded it was inadvertently granted.

■ The suit being for exactly $500.00 exclusive of interest, is one of which the county court would have exclusive jurisdiction except for the statute providing for the jurisdiction of the district court of the 92nd judicial district (Hidalgo County). Vernon's Texas St. 1936, Art. 199, sec. 92. See in this connection Gulf C. & S. F. Ry. Co. v. Rambolt, 67 Texas 654, 4 S. W. 356; Wonderful Workers of the World Benev. Ass'n. v. Bookman et al, 29 S. W. (2d) 890; Townes Texas Pleading, Sec. ed. pp. 155-6.

■ The case being one of which "a county court would have had original * * * jurisdiction to try," the judgment of the Court of Civil Appeals is "conclusive on the law and facts unless it involves "conflicts between decisions of the Courts of Civil Appeals or between a decision of a Court of Civil Appeals and a decision of the Supreme Court." Vernon's Texas St. 1936, Arts. 1821 and 1728. The mere fact that the opinion may have incorrectly declared the law has no bearing upon the question of jurisdiction presented.

■ The opinion in the present case is devoid of facts on its face which disclose a conflict within the cited statutes. It has often been held that in order for such conflict to be shown the rulings must be so far upon the *same state of facts* that the decision of one case is necessarily conclusive of the decision in the other." (Italics ours.) Garitty et al v. Rainey, 112 Texas 369, 247 S. W. 825; Mooers et al v. Hunter (Com. App.), 67 S. W. (2d) 860, and cases there cited; Ziegelmeyer v. Pelphrey (Nealon, Chief Justice), 133 Texas 73, 125 S. W. (2d) 1038; Harris et al v. Willson et al (Com. App.) 122 Texas 323, 59 S. W. (2d) 106; Thacker v. Lindhal et al (Com. App.) 48 S. W. (2d) 588. The opinion in the present case is apparently made

to turn upon whether there is any competent testimony in the record to support a finding that Mrs. Adams was ever actually or apparently the agent of the insurance company. The evidence is not set out or summarized in the opinion. It is stated in the case last cited that for the purpose of "producing a conflict" this Court "will not go behind the record opinion" of an appellate court in a prior case. For the same reason the Court will not go behind the recorded opinion in the present case to disclose whether there is an actual conflict with the cases cited in the application.

The order granting the application for the writ is set aside as having been improvidently granted, and the application is dismissed for want of jursdiction.

Opinion adopted by the Supreme Court January 24, 1940.

Rehearing overruled February 21, 1940.