SAMUEL D. HASSELL V. COMMONWEALTH CASUALTY AND INSURANCE COMPANY.

No. A-225. Decided December 30, 1944.
Rehearing overruled February 14, 1945.
(184 S. W., 2d Series, 917.)

*Hamilton, Lipscomb, Wood & Swift,* of Dallas, for appellant.

A material misrepresentation does not defeat recovery on a policy if innocently made, without intent to deceive, and when the agent of the insurance company has written into the application form a false statement, contrary to that made by the applicant, who told said agent that he had suffered from a disease, there was no intention on his part to deceive said company. General Am. Life Ins. Co. v. Alexander, 56 S. W. (2d) 864; General Am. Life Ins. Co. v. Martinez, 149 S. W. (2d) 637; Woodmen of the World Ins. Co. v. Armstrong, 170 S. W. 526, 529.

*Francis M. Chaney,* of Dallas, for appellee.

The acts of the agent could be ratified by signing the application blank thus approving what had been done. Reese v. Medlock, 27 Texas 120; Great Natl. Life Ins. Co. v. Hulme, 134 Texas 539, 136 S. W. (2d) 602; 2 Tex. Jur. 474.

MR. JUDGE TAYLOR, of the Commission of Appeals, delivered the opinion for the Court.

This is a suit against Samuel Hassell filed by the Commonwealth Casualty & Insurance Company to cancel a policy which

it had issued and delivered to Hassell. The parties will be referred to as insurer and insured respectively. The ground upon which cancellation was sought was the alleged fraud of the insured in producing the policy. The insured filed his plea of privilege to be sued in the county of his domicile (Houston county). It was not controverted that he resided at all relevant times in Houston county. The insurer seeking to sustain venue in Dallas county, invoked section 7 of article 1995 of the revised civil statutes, which reads:

"In all cases of fraud, * * * suit may be brought in the county where the fraud was committed * * *, or * * * may be brought where the defendant has his domicile."

The findings of fact for present purposes, briefly stated, are substantially that,—the insured signed an application form in blank for insurance; he contemplated in doing so that the completed application would be presented to the insurer in Dallas, Texas, by one Tate, the insurer's agent who solicited the policy; at the time the insured signed the application form he had told the agent that he had varicose veins and had been denied insurance by another company by reason thereof and was not in sound health; on the occasion in question Tate wrote down on a separate piece of paper the information the insured had given him for filling out the application and led the insured to believe that the answers would be truthfully written in the application, from the information given, over the insured's signature; the agent, however, out of insured's presence, by writing "No" as the answer to the varicose-veins question, wrote in a false answer thereto to the effect that insured was not then suffering, and had not theretofore suffered, from the disease of varicose veins; Tate in completing the application before presenting it to the insurer, also wrote "Yes" as the answer to the question: "are you now in sound health both mentally and physically?"; the false answers, which were material, were written in the application by Tate *without the knowledge or consent of the insured;* the completed application was not read by the insured; the application form signed in blank by him contained the following statement: "I have read the foregoing questions and answers thereto are true and correct whether in my own handwriting or not"; the matter written in longhand in the application was in the handwriting of Tate and was written therein after insured had signed it; the application was presented to insurer in Dallas county and contained the false statements when presented; the insurer did not know either that the insured agreed that Tate should write in correct answers to

the questions in the application form which he had signed, or that the information which was written in was false; insurer is, and was at all times in question, a state-wide mutual life, accident and health insurance company operating under article 4859f of the revised civil statutes, and its home office and principal place of business is in Dallas county; the policy was issued in Dallas county; insured was not at the time of the institution of this suit, nor at the time of filing his plea of privilege, nor at any time, a resident of Dallas county, his residence at all such being in Houston county.

The foregoing resume is a substantial statement, in brief, of the trial court's fact findings, made upon venue hearing. The court overruled the insured's plea of privilege.

The trial court concluded among other things (and so stated in his conclusions of law) *that Tate was the agent of the insured in filling out the answers which he (Tate) wrote into the application form, and that the insured,* since he contemplated the completed application would be acted on in Dallas county, *committed actionable fraud in that county* by signing same in blank; and concluded also that it was immaterial that at the time of consideration of the application the insured "did not actually know" the application contained "false and fraudulent misrepresentations," because the insurer "in its dealings with the public is governed by article 4859f which expressly provides that the general laws of insurance shall not govern such companies * * *," especially since the articles does not provide that such general laws shall govern.

The insured appealed from the trial court's order overruling the plea, and the judges of the Court of Civil Appeals disagreed as to the correctness of the trial court's action in so doing. Because of such disagreement it certified to this Court four questions. The first to be considered is as follows:

1. Was the conclusion of the trial court correct that Tate was the agent of the insured in filling out the answers to the questions in the application?

We are unable to agree that Tate was the agent of the insured in filling out the answers to the questions in the application.

The insurer, prior to the time its agent contacted the prospect, had delegated to him authority to ascertain whether such prospect had any serious disease. It had supplied Tate with its

application form (written by it) as the medium through which to advise it whether the prospect was in sound health or was suffering, or had theretofore suffered, from any of the maladies therein inquired about, including varicose veins. The agency powers possessed by Tate for the purpose stated, were drawn from the insurer. Section 11 of article 4859f leaves no doubt as to whose agent Tate was in his dealings with the insured which culminated in the issuance of the policy. The section referred to reads:

"* * * Nothing in any application for the policy shall constitute a defense against any claim or loss under the policy unless a copy of said application is attached to the policy, and no misrepresentation therein shall constitute a defense unless same shall be shown to be material to the risk assumed, and any person who shall solicit an application for insurance upon the life of another shall in any controversy between the insured and his beneficiary and the company issuing any policy upon such application, be regarded as the agent of the company, and not the agent of the insured, but such agent shall not have power to waive, change or alter any of the terms or conditions of the application or policy."

Under the all inclusive language of the statute Tate was the agent of the insurer in "any controversy" between the insured and the "company issuing any policy" upon the application in question. The insurer invokes section 19 of article 4859f, which reads:

"Except as herein expressly provided, no insurance law of this state shall apply to any corporation operating under this act, and no law hereafter enacted shall apply to them unless they be expressly designated therein."

■ The provisions of the foregoing section do not exempt mutual companies from the law of respondent superior, or from any of the principles of general law. The provisions referring to "insurance law" do not have the effect to place the subject companies beyond the pale of the general law of agency. Calhoun et al v. The Maccabees (Com. App.), 241 S. W. 101.

■ Nor can we agree with the trial court that Tate drew from the insured any of his (Tate's) powers as to the method of getting and transmitting to the insurer, information concerning any disease inquired about in the application form. Tate, in procuring the information, was acting for the insurer and as its agent. We so hold in keeping with the applicable provision of the

statute quoted; and in so doing overrule the trial court's view that the provisions of article 4859f are not controlling as to the general law of agency simply because the article does not specifically so provide.

Not only was Tate the agent of the insurer but he was its agent in using the form furnished him as a medium for presenting to it the information received, and was acting within the scope of his authority in so doing in *filling out in the application form the answers to the questions*. Great National Life Ins. Co. v. Hulme, 134 Texas 539, 136 S. W. (2d) 602; Terry v. Texas Prudential Ins. Co. (Tex. Civ. App.), 77 S. W. (2d) 761, 764; Supreme Lodge of the Fraternal Brotherhood v. Jones (wr. ref.), 143 S. W. 247.

In the Terry case one Horine was the agent of the company. In the course of soliciting the policy in question he produced a blank form of application and stated to the insured's parents in her presence.that if they would give him the required information he would fill in the blanks. The information was given. The court in upholding a recovery on the policy in a suit by the parents, said:

"The knowledge so acquired by Horine was within the scope of authority delegated to him *in soliciting the insurance, taking the application, and transmitting the same to his principal*." (Italics ours).

In the Hulme case (in which agency facts are similar to the facts here under consideration) the court says:

"It is true that Bell, the soliciting agent, in reducing to writing the answers made by the insured to the questions propounded to her was acting as the agent of the insurance company * * *."

The statutory provision quoted above not only constitutes "any person who shall solicit any application for insurance upon the life of another" the agent of the insurer, but by specific provision states that such person *shall not be regarded as the agent of the insured*. We therefore hold that Tate was not the agent of the insured in filling the answers to the questions in the application, and answer question No. 1, "No."

■ It is obvious that our answer to question No. 1 renders it unnecessary for us to answer any of the other questions certified. This is true because if Tate did not act as Hassell's agent in writing the false answers into the application for this policy,

Hassell committed no act of fraud in Dallas county, and the trial court was in error in not sustaining his plea of privilege to be sued in Houston county.

Opinion adopted by the Supreme Court December 30, 1944.

Rehearing overruled February 14, 1945.