## OLD LINCOLN COUNTY MUT. FIRE INS. CO. v. HALL.

### No. 13935.

Court of Civil Appeals of Texas. Dallas.

Oct. 8, 1948.

Chaney & Davenport, of Dallas, for appellant.

John A. Croom, of Houston, for appellee.

YOUNG, Justice

The issue below was one of venue, resolved by the trial court in favor of defendant's plea to be sued in Harris County, his place of residence.

In the main action, appellant, Old Lincoln County Mutual Fire Insurance Company, a corporation with place of business and principal office in the City of Dallas, has here sued John Curtis Hall, residing in Houston, Harris County, seeking cancellation of a policy of fire insurance in amount of $1,000 on house and furniture

located in the county last named. Basis of suit was the alleged fraudulent representation by Hall in his written application for the policy that he was "sole owner" of the described property, whereas title and ownership of record was in his vendor, Triangle Development Company.

Defendant duly interposed his plea of privilege, controverted by plaintiff company, predicated upon exception 7 of the venue statute, Art. 1995, Vernon's Annotated Civil Statutes. It reads: "In all cases of fraud, and in all cases of defalcation by public officers, suit may be brought in the county where the fraud was committed or where the defalcation occurred, or any of such suits may be brought where the defendant has his domicile."

Defendant's application for the policy was in evidence at the hearing, signed by him and "F. H. Boekelmann, Agent", the latter a representative of the Jack Gholson Agency of Houston, which, in turn, was the soliciting agent of plaintiff company. This application was forwarded by Gholson to the home office at Dallas, where, as its president Carl Jordan testified, the policy issued on basis of above representation. The policy would not have been issued and delivered, he said, had the company known that Hall was not sole owner of the property covered, it being cancelled immediately on receipt of such information. There was further testimony that the company agents had authority only to solicit business and take applications; that defendant had admitted to Jordan his lack of fee simple title, and that under policy provisions it was void in event the insured was not sole owner.

■ It is appellant's contention that the instant suit is maintainable in Dallas County because, though defendant's fraud was initiated in Harris County, consummation thereof was at the home office where the application was received and relied upon to its injury. In the argument made, we believe appellant overlooks a material element of the transaction under review, viz: The delivery of application containing the alleged misrepresentation to plaintiff's agent in Harris County. In the cases cited by appellant (Commercial National

Bank of Beeville v. First National Bank of Cuero, Tex.Civ.App., 77 S.W. 239; Brown v. Gray & Wilmerding, Tex.Civ. App., 256 S.W. 977, and Watson et al v. Jackson, Tex.Civ.App., 264 S.W. 603), the defendant himself made the misrepresentations direct to plaintiff by mail or telegraph, a fact situation manifestly aside from that presented here where the fraud was completed, as far as concerned the defendant, by his delivery of application in Harris County to the soliciting agent of appellant. "The entire venue statute has been construed by the courts favorably to the rights of defendants, Fox v. Cone, 118 Tex. 212, 13 S.W.2d 65; and strictly, and must be clearly established, Spinnler v. Armstrong, Tex.Civ.App., 63 S.W.2d 1071; and are not to be denied upon strained constructions thereof. Southwestern Surgical Supply Co. v. Scarborough, Tex.Civ.App., 15 S.W.2d 65." Boyd v. San Antonio Nat. Bank, Tex.Civ.App., 171 S.W.2d 375, 376.

■ We have no court interpretation of subd. 7 under above factual setting or background. However, we think the Supreme Court's conclusion in Hassell v. Commonwealth Casualty & Ins. Co., 143 Tex. 353, 184 S.W.2d 917, is at least persuasive in support of the trial court's order of transfer. There, as here, the suit was for cancellation of insurance policy, brought in Dallas County against Hassell, the insured, residing in Houston County, alleging fraud on part of insured in its procurement. Facts of the cited case were, briefly, that Tate, soliciting agent for the insurance company, had inserted false answers in the application without insured's knowledge, which application the latter had already signed in blank; the trial court concluding that because of the solicitor's malfeasance he was the agent of insured in filling out the answers which he (Tate) wrote into the application form, and that the insured, since he contemplated that the completed application would be acted on in Dallas County, committed an actionable fraud in that county by signing same in blank. Notwithstanding Tate's complicity, said the Supreme Court, he was still agent of the insurance company; observing further (184 S.W.2d 919) "It is

obvious that our answer to question No. 1 renders it unnecessary for us to answer any of the other questions certified. This is true because if Tate did not act as Hassell's agent in writing the false answers into the application for this policy, Hassell committed no act of fraud in Dallas County, and the trial court was in error in not sustaining his plea of privilege to be sued in Houston county."

The order sustaining defendant's plea of privilege under the foregoing facts is in all respects affirmed.