NATIONAL SECURITY LIFE AND CASU-
ALTY COMPANY, Appellant,

v.

William D. McLENDON et ux., Appellees.

No. 6343.

Court of Civil Appeals of Texas.

Amarillo.

Nov. 16, 1953.

Chaney & Davenport, Dallas, for appellant.

Peyton, Collier & Huckeba and Caldwell, Baker & Jordan, Dallas, for appellees.

NORTHCUTT, Justice.

This is an action brought by the appellant to cancel and have held for naught the insurance policy issued by it to the appellees. Appellant alleged various acts of fraud on the part of the appellees in their answers given in the application in which they applied for the policy that was issued. Appellant's principal office was in Dallas, Dallas County, Texas. Appellees filed a plea of privilege to be sued in Harris County, Texas, the county of their residence. Appellant filed its controverting plea and upon a hearing by the court of the plea of privilege and controverting plea the court sustained the appellee's plea of privilege and ordered the case to be transferred to the 113th District Court of Harris County, Texas, the county where appellees resided. From the judgment sustaining this plea of privilege, the appellant perfected this appeal and the only question here involved is as to the correctness of such holding. It is undisputed that appellant had an agent in Houston, Harris County, Texas, by the name of Lanzner, who was authorized to write insurance for appellant and to use appellant's forms. Appellant sent its application forms to its agent, Lanzner, at Houston. The application for the insurance policy in question was filled out in Harris County and was signed by appellee, William D. McLendon, and delivered to Lanzner and by Lanzner mailed to the appellant at Dallas, Texas. We are not required to pass upon whether there was any fraud committed. It is the contention of appellant that the fraud was committed in Dallas County where the policy was issued since the appellant issued the policy relying upon the statements made in the application. The appellees reside in Harris County where the application was made and signed. The appellant's agent, Lanzner, received the application in Harris County and if appellees committed any

fraudulent act or acts at all they were committed in Harris County. It is undisputed that Lanzner mailed the application in question, that he mailed it from Harris County, and that he mailed it to appellant at Dallas, Texas.

We are of the opinion that the point here complained of by appellant was decided in the case of Hassell v. Commonwealth Casualty & Ins. Co., 143 Tex. 353, 184 S.W.2d 917, 919, by the Supreme Court of Texas, where it is stated:

"In the Hulme case (in which agency facts are similar to the facts here under consideration) the court says (134 Tex. 539, 136 S.W.2d [602] 604):

"'It is true that Bell, the soliciting agent, in reducing to writing the answers made by the insured to the questions propounded to her, was acting as the agent of the Insurance Company * * *.'

"The statutory provision quoted above not only constitutes 'any person who shall solicit any application for insurance upon the life of another' the agent of the insurer, but by specific provision states that such person *shall not be regarded as the agent of the insured.* We therefore hold that Tate was not the agent of the insured in filling the answers to the questions in the application, and answer question No. 1, 'No.'

"It is obvious that our answer to question No. 1 renders it unnecessary for us to answer any of the other questions certified. This is true because if Tate did not act as Hassell's agent in writing the false answers into the application for this policy, Hassell committed no act of fraud in Dallas county, and the trial court was in error in not sustaining his plea of privilege to be sued in Houston county."

We are further of the opinion that the exact point here discussed was decided in the case of Old Lincoln County Mut. Fire Ins. Co. v. Hall, Tex.Civ.App., 214 S.W.2d 203.

We are of the opinion that the trial court correctly sustained appellees' plea of privilege and the action of the trial court is in all respects affirmed.