**C. V. WYNN et al., Appellants,**

v.

**STATE of Texas, Appellee.**

No. 10454.

Court of Civil Appeals of Texas.

Austin.

Oct. 31, 1956.

Rehearing Denied Nov. 21, 1956.

F. L. Kuykendall, Austin, for appellant.

John Ben Shepperd, Atty. Gen., Riley Eugene Fletcher, Joe McMinn, Lonny F.

Zwiener, D. S. Meredith, Jr., Asst. Attys. Gen., for appellee.

ARCHER, Chief Justice.

This is an appeal from an order of the District Court overruling a plea of privilege of H. S. Lebman and Minnie Lebman to have this cause of action transferred to Maverick County, Texas.

The cause of action was instituted by the State of Texas acting in behalf of the Veterans' Land Board against appellants herein, C. V. Wynn and wife Eloise Wynn, together with 22 other defendants. None of the defendants are alleged to reside in Travis County.

The State alleged that C. V. Wynn, Eloise Wynn and H. S. Lebman and Minnie Lebman, termed promotion defendants, on the 14th day of July, 1953, in Austin, Travis County, Texas, falsely and fraudulently represented to the Veterans' Land Board that the veteran defendants designated such, each desired to purchase a tract of land owned by the promotion defendants, each a part of Lebman & Wynn Subdivision, of record in Vol. 1, page 62, Maverick County Map Records.

That the promotion defendants on July 14, 1953, submitted to the Board in Travis County, Texas purported "applications and contracts of sale" purportedly entered into by each of the veteran defendants and the promotion defendants, and also submitted purported "assignments of said contracts of sale" purporting to assign and transfer all of the veterans' right, title and interest in and to the contracts of sale, thereby falsely and fraudulently represented to plaintiffs that each of the veteran defendants had selected a particular tract of land and desired to purchase it; that such representations were false and known to be false by the promotion defendants; and made with the design of inducing the Board to purchase the tracts of land from the promotion defendants to be resold to

the said veterans; that the Board did not know of the falsity of the representations, and were deceived thereby; that relying on said fraudulent representations the Board was induced on October 29, 1953 to issue 22 State Warrants, payable to the promotion defendants in varying amounts, but totaling $151,054.30 as cash payments to purchase the tracts of land, which warrants were accepted by the promotion defendants, and who received the proceeds of such warrants and did execute and deliver to the Board warranty deeds conveying the tracts of land; and subsequently the Board executed and delivered to each of the veteran defendants a contract of sale covering the particular tract of land in question.

Plaintiff offered to restore to the defendants all things of value, on condition that the defendants do likewise; that the defendants have paid to plaintiff $7,552.71, five per cent of the purchase price as set forth in the contracts of sale; the plaintiff sought a lien on each of the tracts of land.

The prayer is that upon final hearing the defendants accept plaintiff's tender of the tracts of land and that all transactions between plaintiff and the defendants be rescinded and that plaintiff have judgment against C. V. Wynn, Eloise Wynn, H. S. Lebman and Minnie Lebman, jointly and severally, for $143,501.59 with interest, and that a lien be adjudged in favor of plaintiff on each of the tracts of land, for judgment of foreclosure of said liens, and for order of sale, costs, etc.

No answers have been filed by the veteran defendants or by C. V. Wynn and Eloise Wynn.

Defendants H. S. Lebman and Minnie Lebman have filed their first amended plea of privilege seeking to have the suit transferred to the District Court of Maverick County, Texas, where the lands are situated, the court having exclusive jurisdiction under subdivision 14 of Article 1995, Vernon's Ann.Civ.St.

Plaintiff filed its amended controverting affidavit contending that subdivision 29a, of Article 1995, V.A.C.S. is applicable, because the suit was brought in Travis County against C. V. Wynn and H. S. Lebman under subdivision 7 of Article 1995, V.A.C.S., as an action based on fraud committed by said defendants C. V. Wynn and H. S. Lebman, committed in Travis County.

Upon a hearing of the plea of privilege the State offered its Original Petition, the Plea of Privilege of H. S. Lebman and Minnie Lebman filed March 4, 1955, and their Amended Plea filed June 15, 1956, the controverting affidavits in answer to the Pleas of Privilege, the Disclaimer of the Veteran Defendant Rodriguez, and the Requests for Admissions of the several veteran defendants. It was stipulated that no answers to the Requests for Admissions were received.

The State offered the Minutes of the Board directing the Attorney General to bring the suit.

Specimen certified copies pertaining to each of the veteran defendants of five instruments, i. e. an application and contract of sale, a contract of sale and purchase, a request for purchase voucher, a State warrant and a deed from H. S. Lebman and wife Minnie Lebman and C. V. Wynn and wife Eloise Wynn to the State of Texas were offered.

The deed from H. S. Lebman and wife Minnie Lebman and C. V. Wynn and wife Eloise Wynn to the Veterans' Land Board to the several tracts of land was introduced. The deed recites: "Witness our hands at Eagle Pass, Maverick County, Texas, this the 15th day of October, A. D. 1953;" and was acknowledged by the Lebmans on November 12, 1953 before Harry Shafford, Jr., Notary Public, Bexar County, Texas and acknowledged by the Wynns on November 10, 1953 by the same Notary Public.

Eight of the veteran defendants testified in person and all are to the general effect that they were resident citizens of Bexar County, Texas, and that in 1952 or 1953 someone talked about signing some applications; that C. V. Wynn claimed he was going to buy some land and needed some more veterans to sign; that Lebman was not present; that the instrument shown the witness (an application and contract of sale, Texas Veterans' Land Program) bore his signature; that he did not read the instrument; that he was not buying land; that he did not sign in the presence of a Notary Public or acknowledge it; that only Mr. Wynn was present; that later on Mr. Wynn came back with papers every time one was signed; that the first paper he signed was in blank, nothing filled out.

Upon being shown the Contract of Sale and Purchase, Texas Veterans' Land Program, the witness said the signature looked like his; that he did not know he was purchasing land over a period of 40 years; that he did not make a down payment and has never made any of the semiannual payments and did not intend to; that during all of the negotiations he never saw Mr. Lebman or Mrs. Lebman. There was some testimony as to the land being oil land.

In similar manner the veteran defendants testified through deposition to substantially as that given on the hearing.

The appeal is before this Court on five points:

"Point No. 1: Since appellee's amended controverting affidavit does not allege and there was no proof that appellant, Minnie Lebman, perpetrated any fraud anywhere or at any time upon appellee, the trial court erred in overruling the amended plea of privilege of appellant, Minnie Lebman, in which she requested the case to be transferred to Maverick County, the county in which the land is situated.

"Point No. 2: Since there was no evidence that appellant, H. S. Lebman,

committed any fraud against appellee in Travis County, or elsewhere, the trial court erred in overruling the plea of privilege of H. S. Lebman and Minnie Lebman.

"Point No. 3: Since the primary purpose of appellee's suit was for rescission and cancellation of instruments affecting title to land in Maverick County, Texas, the trial court erred in overruling appellants' plea of privilege and in failing and refusing to transfer said cause to the District Court of Maverick County, Texas.

"Point No. 4: The trial court erred in receiving in evidence, over appellants' objection, the depositions of the twenty-two 'veteran defendants.'

"Point No. 5: The trial court erred in failing to sustain appellants' motion to suppress the depositions of the twenty-two 'veteran defendants.'"

It is to be noted that the question of the liability of the appellants is not involved, if it is determined that they or the defendants C. V. Wynn and Eloise Wynn have perpetrated a fraud upon plaintiff, nor the question of liability if it is determined that they did not make any fraudulent misrepresentations, even if they accepted the fruits derived from the fraud of C. V. Wynn, which questions will be determined after a trial upon the merits.

The only question here is one of venue: Where should the case be tried upon its merits in view of the filing of the pleas of privilege and the controverting affidavits?

Subdivision 7 of Article 1995, V.A.C.S., reads:

"Fraud and defalcation.—In all cases of fraud, and in all cases of defalcation by public officers, suit may be brought in the county where the fraud was committed or where the defalcation occurred, or any of such suits may be brought where the defendant has his domicile."

Subdivision 14 reads:

"Lands.—Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

Subdivision 29a reads:

"Two or more defendants.—Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto."

We are unable to find any evidence, adduced on the hearing that either of the Lebmans made any false and fraudulent representations to plaintiff by falsely and fraudulently representing to the Veterans' Land Board in Travis County, Texas, that the veteran defendants, each desired to purchase under the terms of Article 5421m, V.A.C.S., a tract of land owned by the promotion defendants. Said twenty-two tracts of land are each a part of Lebman & Wynn Subdivision in Maverick County, Texas. Also we are unable to find any evidence that the appellants submitted to the Veterans' Land Board in Travis County, Texas, purported applications and contracts of sale, purportedly entered into by and between each of the veteran defendants; or by submitting assignments of said contracts of sale and thereby representing that each of the veteran defendants had selected the particular tract of land described in the contracts of sale and desired to purchase same and that said applications and contracts of sale and said assignments were valid and bona fide.

It is therefore, in our opinion, apparent that subdivision 7 of Article 1995, supra, is not controlling and that under the provisions of subdivision 14 of Article 1995 the venue of the trial of this case on its merits is in Maverick County, Texas, and that the court erred in overruling the pleas of privilege of appellants.

There is no allegation in the controverting affidavit as to the plea of Minnie Lebman, other than that she is a necessary party.

In order for the State to sustain its controverting plea as to H. S. Lebman it was incumbent for it to show that Wynn or Lebman committed a fraud in Travis County to sustain venue under subdivision 7 of Article 1995, the mere showing that a fraud was committed is not sufficient. The several instruments entered into by and between veteran defendants and Wynn and Lebman were filed with the Board, but all of such contracts, etc. show on their faces that they were executed in Bexar County, Texas.

There was no evidence showing that H. S. Lebman and/or C. V. Wynn, or their agents, filed the said instruments in Travis County, Texas.

The burden of proof upon the trial of the issues joined by the plea of privilege and the controverting affidavit was upon the plaintiff. Texas & Pac. Ry. Co. v. Wood, 145 Tex. 534, 199 S.W.2d 652.

The pleadings can be examined for the purpose of determining the nature of the suit, but the allegations contained therein do not constitute any proof that venue facts exist. 43–B Tex.Jur. p. 374, Sec. 154; Compton v. Elliott, Tex.Com. App., Sec. B, 126 Tex. 232, 88 S.W.2d 91; Old Lincoln County Mutual Fire Insurance Company v. Hall, Tex.Civ.App., 214 S.W. 2d 203.

We believe that this case is one affecting the title to land located in Maverick County, Texas, within the purview of subdivision 14 of Article 1995.

In the case of South Texas Development Company v. Williams, Tex.Com. App., Sec. A, 130 Tex. 217, 107 S.W.2d 378, 379, it was held in answer to a certified question from the Court of Civil Appeals that:

"While this subdivision is not jurisdictional in the sense that it may not be waived, yet it is mandatory in the sense that, when, any one necessary defendant objects in proper time and manner to a trial of the cause in any county other than that in which the land is situated, the cause must be transferred to that county."

Jones v. Ford, Tex.Civ.App., 118 S.W. 2d 333, is a case to cancel a deed on land in Marion County procured by fraud committed in Tarrant County, and the suit was ordered transferred to Marion County where the land was located. Galindo v. Garcia, Tex.Civ.App., 222 S.W.2d 477.

Since there is no evidence as to who filed the instruments, fraud will not be presumed. Hawkins v. Campbell, Tex.Civ. App., 226 S.W.2d 891.

In view of our disposition of this case we do not deem it to be essential that we dispose of appellants' assignments Nos. 4 and 5 concerning the admission of the depositions and/or the suppression thereof.

The judgment of the trial court is reversed and the cause ordered transferred to the District Court of Maverick County, Texas.

Reversed and rendered.