**RESERVE LIFE INSURANCE COMPANY,**
Appellant,

v.

**John C. PRECOUR et ux., Appellees.**

No. 3989.

Court of Civil Appeals of Texas.
Waco.

May 3, 1962.

Rehearing Denied May 24, 1962.

Joe Bailey Humphreys, Dallas, for appellant.

Pope & Heitler and John E. Heitler, Tyler, for appellees.

WILSON, Justice.

Appellees' pleas of privilege to be sued in Smith County, where they reside, was sustained. Appellant, relying on Subd. 7, Art. 1995, Vernon's Ann.Civ.Stat., sought to cancel its insurance policies issued to appellees on the ground of fraud of the insured in making the written applications on which they were issued. Collusion between insured and appellant's soliciting agent in making the applications was alleged. Appellant's controverting plea asserted venue in Dallas County, where its principal office is located. No findings or conclusions were filed.

Insured signed and delivered the applications to the soliciting agent in Smith County. It is not shown how they reached appellant's Dallas office, but it is clear appellees did not deliver them there.

■ We confess inability to understand the nature of the ground of appellant's complaint, but if it be that the soliciting agent became the agent of insured in receiving and transmitting the applications to Dallas, the evidence does not support it. If the implied finding of the trial court is intended to be under attack, the evidence does support it.

■ If the contention is that notwithstanding the applications were signed and delivered in Smith County, fraud was nevertheless committed in Dallas County because the asserted fraud in Smith County was "ripened into fruition in Dallas County where the applications were acted upon" so as to constitute fraud in Dallas County

under Subd. 7, the decisions are against appellant, and we overrule the contention. Old Lincoln County Mut. Fire Ins. Co. v. Hall, Tex.Civ.App., 214 S.W.2d 203; National Security Life & Casualty Co. v. McLendon, Tex.Civ.App., 278 S.W.2d 393, no writs, and see Hassell v. Commonwealth Cas. & Ins. Co., 143 Tex. 353, 184 S.W.2d 917, 919. Other points are immaterial. Affirmed.